UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATHAN SIGLER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>GEICO CASUALTY CO., GEICO INDEMNITY CO., GOVERNMENT EMPLOYEES INSURANCE COMPANY, and GEICO GENERAL INSURANCE COMPANY CO.,<br><br>      Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Nathan Sigler ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as more fully defined below), brings this class action against GEICO Casualty Co., GEICO Indemnity Co., Government Employees Insurance Company, and GEICO General Insurance Company (collectively, "GEICO" or "Defendants"), and in support thereof states the following:

      **I.  NATURE OF THE ACTION**

  1.  When Plaintiff Sigler suffered a total loss of his vehicle, GEICO failed to pay him the full amount to which he was entitled under his automobile policy. This was not an isolated incident. To the contrary, it is a fundamental component of GEICO's business practices.

  2.  Simply stated, GEICO has systematically underpaid its insureds—including Plaintiff and the other Class members—who have suffered the total loss of their vehicles, by

failing to pay the costs of sales tax, title transfer fees, and tag transfer fees, despite being contractually obligated to do so.

3. Plaintiff Sigler was the named insured under a GEICO automobile policy, which included Comprehensive and Collision coverage for automobile damage. GEICO's Comprehensive and Collision coverages both provided for an "Actual Cash Value" payment in the event of total loss. GEICO defines Actual Cash Value in its policies as "the replacement cost of the auto or property less depreciation or betterment."

4. As more fully discussed below, under Illinois law, sales tax, title transfer fees, and tag transfer fees are all mandatory automobile replacement costs. GEICO failed to pay Plaintiff and the other Class members the amount necessary to cover these taxes and fees when they suffered total losses of their vehicles, notwithstanding its contractual obligation to pay "the replacement cost of the auto." GEICO thus breached its contracts with Plaintiff and the other Class members.

5. Indeed, GEICO underpaid and breached its contracts with all Class members by withholding sales tax, title transfer fees, and tag transfer fees when it was required to pay the total amount of the Actual Cash Value promised by its contracts.

6. As a result of GEICO's conduct, Plaintiff and the other Class members were damaged in an amount to be determined at trial.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, and because (a) the Plaintiff is a member of the Class, which consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

8.      Venue is proper in this District because a substantial portion of the acts and conduct giving rise to Plaintiff's claim occurred within the District and Defendants are subject to personal jurisdiction in this District.

### III.    THE PARTIES

*Plaintiff*

9.      At all times relevant to this action, Plaintiff Sigler is and was a citizen of the State of Illinois, domiciled in McLean County.

*Defendants*

10.     At all times material hereto, Defendant GEICO Casualty Co. is and was a foreign corporation incorporated in Maryland, headquartered at 5260 Western Avenue, Chevy Chase, Maryland, and authorized to provide insurance in the State of Illinois.

11.     At all times material hereto, Defendant GEICO Indemnity Co. is and was a foreign corporation incorporated in Maryland, headquartered at 5260 Western Avenue, Chevy Chase, Maryland, and authorized to provide insurance in the State of Illinois.

12.     At all times material hereto, Defendant Government Employees Insurance Company is and was a foreign corporation incorporated in Maryland, headquartered at 5260 Western Avenue, Chevy Chase, Maryland, and authorized to provide insurance in the State of Illinois.

13.     At all times material hereto, Defendant GEICO General Insurance Company is and was a foreign corporation incorporated in Maryland, headquartered at 5260 Western Avenue, Chevy Chase, Maryland, and authorized to provide insurance in the State of Illinois.

## IV.  FACTUAL BACKGROUND

### A.  *GEICO's Corporate Structure*

14. GEICO Casualty Co., GEICO Indemnity Co., Government Employees Insurance Company, and GEICO General Insurance Company are all subsidiaries of GEICO Corporation ("GEICO Corp.").

15. GEICO Corp. provides the policies, implements the underwriting, sets the premium rate, and determines the claims handling processes to be applied for each Defendant.

16. Upon information and belief, each Defendant offers Illinois automobile insurance policies that include materially identical policy language, implement the same settlement practices and procedures, and conduct the same underwriting procedures.

17. There are no differences among Defendants relating to claims handlers, adjusters, or underwriters. In other words, the same claims handlers and adjusters handle claims for all GEICO entities and the same underwriters underwrite policies for all GEICO entities.

18. Simply stated, there are no substantive differences between the entities relating to contractual agreements with insureds, handling claims, and setting premiums.  GEICO Corp. implements and imposes all issues related to policies and claims, and does so identically across and among all Defendants.

19. Thus, Defendants are engaged in a common scheme with respect to the calculation of Actual Cash Value payments for total loss automobile insurance claims in the State of Illinois.

### B.  *The GEICO Insurance Policy*

20. Plaintiff Sigler had automobile insurance through GEICO Casualty Co. Plaintiff Sigler's GEICO policy (the "GEICO Policy," a copy of which is attached as Exhibit A hereto)

provides that for "Collision" and "Comprehensive" coverages, GEICO will pay for each "loss" to an "owned auto" or "non-owned auto":

> **Comprehensive (Excluding *Collision*)**
> 1. We will pay for each *loss*, less the applicable deductible, caused other than by *collision*, to the *owned* or *non-owned auto*. This includes breakage of glass and *loss* caused by:
>
> **Collision**
> 1. We will pay for *collision loss* to the *owned* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

21. The GEIO Policy defines "owned auto" as including any vehicle described in the GEICO Policy for which a specific premium charge indicates there is coverage:

> 6. ***Owned auto*** means:
>    (a) A vehicle described in this policy for which a premium charge is shown for these coverages:

22. The GEICO Policy defines "Loss," with respect to "Collision" and "Comprehensive" coverage, as "direct and accidental loss of or damage to (a) The auto, including its equipment; or (b) Other insured property":

> 7. ***Loss*** means direct and accidental loss of or damage to:
>    (a) The auto, including its equipment; or
>    (b) Other insured property.

23. The GEICO Policy represents that the limit of GEICO's liability for loss, with respect to "Collision" and "Comprehensive" coverage, is "the actual cash value of the property at the time of the loss":

> **LIMIT OF LIABILITY**
> The limit of our liability for *loss*:
> 1. Is the ***actual cash value*** of the property at the time of the *loss*;

24. "Actual cash value" is defined in the GEICO Policy, with respect to "Collision" and "Comprehensive" coverages, as "the replacement cost of the auto or property less depreciation or betterment":

> 1. ***Actual cash value*** is the replacement cost of the auto or property less ***depreciation*** or ***betterment***.

5

25. Under the GEICO Policy, GEICO's legal obligation to pay Actual Cash Value on a first-party total loss claim does not differ between a Collision total loss claim and a Comprehensive total loss claim.

26. The GEICO Policy *does not* further define Actual Cash Value as: (a) excluding the cost of taxes or fees from Actual Cash Value; (b) deferring payment of the cost of taxes or fees for any purpose whatsoever; (c) requiring an insured to obtain a replacement vehicle; (d) requiring the insured to first obtain a replacement vehicle as a condition precedent to receiving the cost of taxes or fees; or (e) linking the amount of taxes or fees to a particular replacement vehicle and the corresponding state or local regulatory fees on said replacement vehicle. In other words, the GEICO Policy specifically *does not* permit GEICO to conduct business the way that it is alleged to have done in this action.

27. Upon information and belief, each Class member was insured under GEICO policies that were materially identical to Plaintiff Sigler's GEICO Policy with respect to GEICO's obligation to pay "Actual Cash Value" in the event of a total loss. Upon information and belief, GEICO Corp. drafts and implements substantively identical automobile insurance policies for each Defendant.

    **C.**    ***GEICO Does Not Pay the Agreed-Upon Replacement Costs***

28. Sales tax, title transfer fees, and tag transfer fees are necessary and mandatory vehicle replacement costs in the State of Illinois.

29. Illinois law requires that all vehicles be properly titled in order to be legally driven on Illinois roadways. *See* 625 ILCS 5/3-101. The fee to transfer title to a vehicle is, at minimum, $95.00. *See* 625 ILCS 5/3-821.

30. Illinois law requires that all vehicles have proper license plates (or tags) in order to be legally driven on Illinois roadways. *See* 625 ILCS 5/3-401, 625 ILCS 5/3-502, 625 ILCS 5/3-801. The fee to transfer license plates or tags is $25.00. *See* 625 ILCS 5/3-821.

31. By providing that GEICO will pay Actual Cash Value in the event of a total loss, GEICO, by the GEICO Policy, promises to pay these mandatory vehicle replacement costs as part of its Collision and Comprehensive coverages

32. GEICO, however, by its conduct alleged herein, breaches its contracts with Plaintiff and the other Class members and violates Illinois law, by refusing to pay sales tax, title transfer fees, or tag transfer fees upon the total loss of an insured vehicle. Indeed, rather than abide by its contractual obligations and the applicable law, GEICO forces its insureds to first replace the vehicle before GEICO considers the payment of taxes and fees.

33. GEICO's practice and procedure, which forces insureds to first replace a vehicle before GEICO considers payment of taxes and fees, is a breach of GEICO's own policies and contractual obligations, which contain no such precondition.

34. By failing and refusing to include the costs of such taxes and fees in making Actual Cash Value payments to Plaintiff and the other Class members, GEICO breached its contracts with Plaintiff and other Class members.

35. The aforementioned scheme—promising to provide the cost of replacement (minus depreciation) but declining to actually do so—is a common scheme implemented by GEICO Corp. in a uniform and identical manner across all GEICO entities.

   **D**.  ***GEICO Failed to Pay Plaintiff the Actual Cash Value to Which He was Entitled***

36. Plaintiff owned a 2001 Dodge Ram, VIN # 1B7HC16XX1S232826 (the "Insured Vehicle").

7

37. On or about June 9, 2013, Plaintiff was involved in an accident while operating the Insured Vehicle. As a result of that accident, Plaintiff filed a property damage claim with Defendant GEICO Casualty Co., claim number 0448264110101013-01.

38. Following the filing of his claim, GEICO determined that Plaintiff's Insured Vehicle was a total loss with a base value of $3,151.95. A copy of GEICO's Total Loss Explanation Letter to Plaintiff is attached as Exhibit B hereto.

39. The base value was calculated by a third-party vendor ("CCC"), which bases vehicles' valuations on the cost to purchase similar vehicles with similar conditions and mileage.

40. GEICO paid the "base value" of the vehicle, but did not include pay the costs of sales tax, title transfer fees, or tag transfer fees—each of which is, under applicable law, an inextricable part of a vehicle purchase and items for which GEICO was contractually obligated to pay.

41. Plaintiff was owed the cost of a title transfer fee in the amount of $95.00 and tag transfer fees in the amount of $25.50.

42. The minimum sales tax in Illinois at the time of Plaintiff's purchase was 6.25%, *see* 35 ILCS 120/2-10. Thus, Plaintiff was also owed sales tax in the minimum amount of $196.99.

43. Defendant breached its contract with Plaintiff by not including the cost of sales tax, title transfer fees, or tag transfer fees in making the Actual Cash Value payment for Plaintiff's total loss.

## V.  CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2), and, and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

45. Plaintiff seeks to represent a class ("the Class") defined as:

All persons: (a) who insured a vehicle for physical damage coverage under an Illinois automobile insurance policy issued by GEICO Casualty Co. GEICO Indemnity Co. Government, Government Employees Insurance Company, or GEICO General Insurance Company that provided for an Actual Cash Value payment in the event that a vehicle was declared a total loss, (b) who made a claim under the policy for physical damage, (c) whose claim was adjusted as a total loss within the ten-year time period prior to the date on which this lawsuit was filed until the date of any certification order, and (d) who were not paid the full total loss vehicle value ("TLVV") sales tax, title transfer fees, or tag transfer fees.

46. Excluded from the Class are Defendants and any of their members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

47. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

48. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are thousands of Class members, the precise number of Class members is unknown to Plaintiff, but may be ascertained from GEICO's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

49.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether GEICO's agreement to pay Actual Cash Value in the event of total loss obligated GEICO to pay sales tax, title transfer fees, and tag transfer fees to Plaintiff and the other Class members;

   b. whether GEICO is permitted to condition any payment of sales tax, title transfer fees, or tag transfer fees on the replacement of the total loss vehicle;

   c. whether GEICO breached its contracts with Plaintiff and the other Class members; and

   d. the amount and nature of relief to be awarded to Plaintiff and the other Class members.

50.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members were all similarly affected by GEICO's failure to pay sales tax, title transfer fees, and tag transfer fees under Illinois insurance policies that provided for an Actual Cash Value payment in the event of total loss.  Plaintiff's claims are based upon the same legal theories as those of the other Class members.  Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which GEICO engaged.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the other Class members

51.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**  Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained counsel

competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to include sales tax, title transfer fees, and tag transfer fees in total loss situations, and Plaintiff intends to prosecute this action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

52.  **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** GEICO has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

53.  **Superiority – Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against GEICO, so it would be impracticable for the Class members to individually seek redress for GEICO's wrongful conduct.  Even if the Class members could afford litigation the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.  CLAIM FOR RELIEF

## BREACH OF CONTRACT

54. Plaintiff Sigler incorporates by reference each allegation set forth in the preceding paragraphs.

55. Plaintiff brings this claim individually and on behalf of the other Class members.

56. Plaintiff and each of the other Class members were parties to insurance contracts with GEICO, as described herein.

57. Plaintiff and each of the other Class members' insurance contracts with GEICO are governed by Illinois law.

58. Plaintiff and each of the other Class members made claims under their insurance contracts with GEICO, which GEICO determined to be first-party total losses under the insurance contract, and which GEICO determined to be covered claims.

59. Pursuant to the above-described contractual provisions, upon the total loss of their insured vehicles, Plaintiff and each of the other Class members were each owed the Actual Cash Value of their vehicles, which includes sales tax, title transfer fees, and tag transfer fees.

60. GEICO failed to pay the requisite costs of sales tax, title transfer fees, and/or tag transfer fees to Plaintiff and each of the other Class members on their total loss claims.

61. GEICO's failure to pay the requisite costs of sales tax, title transfer fees, and/or tag transfer fees constitutes a material breach of GEICO's contracts with Plaintiff and each of the other Class members.

62. As a result of GEICO's contractual breaches, Plaintiff and each of the other class members have been damaged, and are entitled under GEICO's insurance contracts to sums

representing the benefits owed for sales tax, title transfer fees, and tag transfer fees, as well as costs, pre-judgment and post-judgment interest, injunctive relief, and other relief as appropriate.

### VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Nathan Sigler, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in his favor and against Defendants GEICO Casualty Co., GEICO Indemnity Co., Government Employees Insurance Company, and GEICO General Insurance Company, as follows:

a. An order certifying the proposed Class, as requested herein, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Class Counsel;

b. An award of compensatory damages, and all other available damages, for Plaintiff and the other Class members, as well as pre- and post- judgment interests on any amounts awarded;

c. An order enjoining GEICO from continuing the illegal practices alleged herein, and for other injunctive relief as is proven appropriate in this matter;

d. An award of attorney's fees, expenses, and costs of suit as appropriate pursuant to applicable law

e. An order providing such other and further forms of relief as this Court deems just and proper.

### VIII.   JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  December 14, 2018

Respectfully submitted,

By: /s/  Joel E. Brown
**Joel E. Brown, Attorney at Law**
416 Main Street, Suite 1300
Peoria, Illinois  61602
Telephone:  309-673-4357
jb@joelebrown.com

Adam J. Levitt
Daniel E. Ferri[+]
**DICELLO LEVITT & CASEY LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dlcfirm.com
dferri@dlcfirm.com

Edmund A. Normand[*]
Jacob Phillips[*]
**NORMAND LAW, PLLC**
62 West Colonial Street, Suite 209
Orlando, Florida 32814
Telephone:  407-603-6031
ed@ednormand.com
jacob@ednormand.com

*Counsel for Plaintiff*
*and the Proposed Class*

+ C.D. Ill. admission pending
* *pro hac vice* admission pending