E-FILED
Sunday, 16 December, 2018 06:16:34 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

## A F F I D A V I T

I, S. Goodman, Claims Coverage Underwriter of Geico Casualty Company a corporation organized and existing under the laws of the state of Maryland, do hereby certify that the attached Policy Declaration sheet was printed from records retained in our computer data files. The amendments, endorsements, and policy contract are standard forms with information particular to this policy. Attached is a copy of policy contract number 4271-15-73-41 in the name of MR NATHAN L SIGLER for Endorsement effective 05-30-13, issued on 05-30-13 and in effect on 06-09-13.

S. Goodman
Claims Coverage Underwriter

May 13, 2016



**GEICO**
geico.com
**Tel:** 1-800-841-3000

**GEICO CASUALTY COMPANY**
One GEICO Center
Macon, GA 31295-0001

Date Issued: May 30, 2013

MR NATHAN L SIGLER
701 E MILLER ST
BLOOMINGTON IL 61701-6843

Email Address: aroodo@yahoo.com

# Declarations Page
This is a description of your coverage.
Please retain for your records.

**Policy Number: 4271-15-73-41**
**Coverage Period:**
05-01-13 through 11-01-13
12:01 a.m. local time at the address of the named insured.

Endorsement Effective: 05-30-13

| Named Insured | Additional Drivers |
|---|---|
| Nathan L Sigler | None |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 2001 Dodge | Ram PU1500 1B7HC16XX1S232826 | Bloomington IL 61701 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| Bodily Injury Liability | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $152.20 |
| Property Damage Liability | $100,000 | $124.07 |
| Uninsured Motorists | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $11.84 |
| Underinsured Motorist | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $10.18 |
| Comprehensive | $250 Ded | $69.57 |
| Collision | $500 Ded | $103.65 |
| Emergency Road Service | Full | $21.92 |
| **Total Six Month Premium** | | **$493.43** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

## Discounts

| | |
|---|---|
| **The total value of your discounts is** | **$36.94** |
| Good Driver | $25.26 |
| Persistency | $6.22 |
| Anti-Lock Brake | $5.46 |

Driving Experience  ...................................................................................................................Included

**Contract Type:** A30IL
**Contract Amendments:** ALL VEHICLES - A30IL A54IL CC1186

**Unit Endorsements:**    CC1102 (VEH 1); CC115 (VEH 1); CC1196 (VEH 1)

---

### Important Policy Information

-We welcome you to our GEICO family in the Auto Voluntary C10 rate program.

-Coverages and/or limits were added as you requested or due to state requirements.

-Coverages and/or limits were deleted as you requested or due to state requirements.

-Coverages and/or limits were changed as you requested or due to state requirements.

-We have added Emergency Road Service to your 2001 DODGE. In the event you need road-side assistance, please call 1-800-42-GEICO and an operator will dispatch a tow truck to assist you.

**GEICO**

**ONE GEICO PLAZA**
Washington, D. C. 20076-0001
Telephone:  1-800-841-3000

# Illinois Family Automobile Insurance Policy

GEICO CASUALTY COMPANY

A-30IL (10-07)

## POLICY INDEX

Page

### SECTION I

**Liability Coverages**
**Your Protection Against Claims From Others**

Definitions.................................................................3
Losses We Will Pay For You.....................................3
Additional Payments We Will Make Under The
    Liability Coverages...........................................3
    Legal Expenses And Court Costs
    Bail And Appeal Bonds
    First Aid Expenses
Exclusions: When Section I Does Not Apply...........4
Persons Insured:  Who Is Covered..........................4
Financial Responsibility Laws .................................5
Out Of State Insurance...........................................5
Limits Of Liability ...................................................5
Other Insurance......................................................5
Conditions...............................................................5
    Notice
    Two Or More Autos
    Assistance And Cooperation Of The Insured
    Action Against Us
    Subrogation

### SECTION II

**Automobile Medical Payments Coverage**
**Protection For You And Your Passengers For Medical Expenses**

Definitions  ............................................................6
Payments We Will Make...........................................6
Exclusions: When Section II Does Not Apply..........6
Limit Of Liability .....................................................7
Other Insurance......................................................7
Conditions...............................................................7
    Notice
    Two Or More Autos
    Action Against Us
    Medical Reports **-** Proof And Payment Of Claims
    Subrogation

### SECTION III

**Physical Damage Coverages**
**Your Protection For Loss Of Or Damage To Your Car**

Definitions..............................................................7
Losses We Will Pay.................................................8
    Comprehensive Coverage.................................8
    Collision Coverage...........................................9
Additional Payments We Will Make Under The
    Physical Damage Coverages...........................9
    Car Rental If Your Car Is Stolen
Exclusions:  When The Physical Damage
    Coverages Do Not Apply..................................9
Limit Of Liability ...................................................10
Other Insurance....................................................10

Page

Conditions.............................................................10
    Notice
    Two Or More Autos
    Assistance And Cooperation Of The Insured
    Action Against Us
    Insured's Duties In Event Of Loss
    Appraisal
    Payment Of Loss
    No Benefit To Bailee
    Subrogation
    Assignment

### SECTION IV

**Uninsured Motorists Coverage**
**Your Protection For Injuries Caused By Uninsured And Hit And Run Motorists**

Definitions ...........................................................11
Losses We Pay......................................................12
Exclusions:  When Section IV Does Not Apply.......12
Limits Of Liability .................................................12
Other Insurance....................................................13
Arbitration.............................................................13
Trust Agreement...................................................13
Conditions.............................................................13
    Notice
    Assistance And Cooperation Of The Insured
    Action Against Us
    Proof Of Claim - Medical Reports
    Payment Of Loss

### SECTION V

**General Conditions**
**The Following Apply To All Coverages In This Policy**

Territory ...............................................................14
Premium................................................................14
Changes................................................................14
Assignment ...........................................................14
Policy Period.........................................................15
Cancellation By The Insured.................................15
Cancellation By Us................................................15
Cancellation By Us Is Limited................................15
Renewal.................................................................16
Other Insurance....................................................16
Dividend Provision................................................16
Declarations..........................................................16
Fraud And Misrepresentation................................16
Examination Under Oath.......................................16
Terms Of Policy Conformed To Statutes...............16
Disposal of Vehicle ..............................................16
Choice of Law.......................................................16

### SECTION VI

**Amendments And Endorsements**
Special Endorsement
    United States Government Employees...........17

Whenever, "he," "his," "him," "himself" appears in this policy, you may read "she," "her," "hers," or "herself."

## AGREEMENT

**We**, the Company named in the declarations attached to this policy, make this agreement with **you**, the policyholder. Relying on the information *you* have furnished and the declarations attached to this policy and if *you* pay *your* premium when due, we will do the following:

## SECTION I - LIABILITY COVERAGES
### Your Protection Against Claims from Others
### Bodily Injury Liability and Property Damage Liability

### DEFINITIONS

The words italicized in Section I of this policy are defined below.

1. *Auto business* means the business of selling, repairing, servicing, storing, transporting or parking of autos.

2. *Bodily injury* means bodily injury to a person, including resulting sickness, disease or death.

3. *Farm auto* means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming.

4. *Insured* means a person or organization described under PERSONS INSURED.

5. *Non-owned auto* means an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

6. *Owned auto* means:
   (a) A vehicle described in this policy for which a premium charge is shown for these coverages;
   (b) A *trailer* owned by *you*;
   (c) A *private passenger*, *farm* or *utility auto*, ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more, if
      (i) It replaces an *owned auto* as defined in (a) above; or
      (ii) We insure all *private passenger farm* and *utility autos* owned or leased by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;
   (d) A *temporary substitute auto*.

7. *Private passenger auto* means a four-wheel private passenger, station wagon or jeep-type auto.

8. *Relative* means a person related to *you* who resides in *your* household.

9. *Temporary substitute auto* means an automobile or *trailer*, not owned by *you*, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

10. *Trailer* means a trailer designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger*, *farm* or *utility auto*.

11. *Utility auto* means a vehicle, other than a *farm auto*, with a gross vehicle weight of 15,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

12. *War* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

13. *You* and *yours* means the policyholder named in the declarations or his or her spouse if a resident of the same household.

### LOSSES WE WILL PAY FOR YOU UNDER SECTION I

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

1. *Bodily injury*, sustained by a person, or

2. Damage to or destruction of property;

   arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

1. All investigative and legal costs incurred by us.

2. All court costs charged to an *insured* in a covered lawsuit.

3. Interest calculated on that part of a judgment that is within our limit of liability and accruing:
   (a) Before judgment, where owed by law, and until we pay, offer to pay, or deposit in court the amount due under this coverage;
   (b) After the judgment, and until we pay, offer to pay, or deposit in court, the amount due under this coverage.

4. Premiums for *appeal bonds in a suit we appeal*, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of our liability.

5. Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an *owned auto* or *non-owned auto,* not to exceed $250 per bail bond.

6. We will upon request by an *insured*, provide reimbursement for the following items:

   (a) Costs incurred by any *insured* for first aid to others at the time of an accident involving an *owned auto* or *non-owned auto*.
   (b) Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.
   (c) All reasonable costs incurred by an *insured* at our request.

*Your* available limits of liability coverage will not be reduced by our payment of any costs listed under this provision.

## EXCLUSIONS

### When Section I Does Not Apply

Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies.

1. To *bodily injury* to any *insured* or any family member of an *insured* residing in the *insured's* household.

   *Insured* means the person against whom claim is made or suit is brought if that person is an *insured* as defined in Section I of the policy.

   This exclusion does not apply:

   (a) When a third party acquires a right of contribution against a member of the injured person's family; or
   (b) When any person not in the *insured's* household was driving the vehicle of the *insured* involved in the accident.

2. To any vehicle used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products except where *bodily injury* or property damage results from *your* occupancy of such a non-owned vehicle as other than the operator. A vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

3. To *bodily injury* or property damage caused intentionally by or at the direction of an *insured.*

4. To *bodily injury* or property damage that is insured under a nuclear liability policy.

5. To *bodily injury* or property damage arising from the operation of farm machinery.

6. To *bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured.* However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.

7. To *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if workers' compensation or other similar coverage is available. We will defend *you* if suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.

8. To a *non-owned auto* while maintained or used by any person while such person is employed or otherwise engaged in (1) any *auto business* if the accident arises out of that business; (2) any other business or occupation of any *insured* if the accident arises out of that business or occupation except a *private passenger auto* used by *you* or *your* chauffeur or domestic servant while engaged in such other business.

9. To property owned, operated or transported by an *insured*.

10. To property rented to or in charge of an *insured* other than a residence or private garage.

11. To an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

12. To the United States of America or any of its agencies.

13. To any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.

14. To any liability assumed under any contract or agreement.

15. To *bodily injury* or property damage caused by an auto driven in or preparing for any prearranged or organized racing, speed, or demolition contest or stunting activity of any nature.

## PERSONS INSURED

### Who Is Covered

Section I applies to the following as *insureds* with regard to an *owned auto:*

1. *You* and *your relatives*;

2. Any other person using the auto with *your* permission. The actual use must be within the scope of that permission;

3. Any other person or organization for his or its liability because of acts or omissions of an *insured* under 1. or 2. above.

1:18-cv-01446-MMM-JEH # 4 Page 9 of 32

1. (a) *You*;

   (b) *Your relatives* when using a *private passenger*, *farm* or *utility auto* or *trailer*.

   Such use by *you* or *your relatives* must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission;

2. A person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1. above.

   The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

## OUT OF STATE INSURANCE

When the policy applies to the operation of a motor vehicle outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that *you* are protected by another insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

1. The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages resulting from *bodily injury* sustained by one person in any one accident or occurrence. Included in this limit, but not as a separate claim or claims, are all the consequential damages sustained by other persons, such as loss of services, loss of support, loss of consortium, wrongful death, grief, sorrow, and emotional distress.

2. The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including all the consequential damages sustained by other persons, such as loss of services, loss of support, loss of consortium, wrongful death, grief, sorrow, and emotional distress, resulting from *bodily injury* sustained by two or more persons as the result of one accident or occurrence.

3. The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the *insured* has other insurance against a *loss* covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to Section I:

1. NOTICE

   As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:

   (a) The identity of the *insured*;
   (b) The time, place and details of the occurrence;
   (c) The names and addresses of the injured, and of any witnesses; and
   (d) The names of the owners and the description and location of any damaged property.

   If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

2. TWO OR MORE AUTOS

   If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3. ASSISTANCE AND COOPERATION OF THE **INSURED**

   The *insured* will cooperate and assist us, if requested:

   (a) In the investigation of the occurrence;

(b) In making settlements;
(c) In the conduct of suits;
(d) In enforcing any right of contribution or indemnity against any legally responsible person or organization because of *bodily injury* or property damage;
(e) At trials and hearings;
(f) In securing and giving evidence; and
(g) By obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

**4.** ACTION AGAINST US

No suit will lie against us:

(a) Unless the *insured* has fully complied with all the policy's terms and conditions, and
(b) Until the amount of the *insured's* obligation to pay has been finally determined, either:
   (i) By a final judgment against the *insured* after actual trial; or
   (ii) By written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or his estate will not relieve us of our obligations.

**5.** SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights.  The *insured* will do nothing after loss to prejudice these rights. This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

---

## SECTION II - AUTO MEDICAL PAYMENTS
### Protection For You And Your Passengers For Medical Expenses

**DEFINITIONS**

The definitions of terms shown under Section I apply to this Coverage.

In addition, under this Coverage, *occupying* means in or upon or entering into or alighting from.

**PAYMENTS WE WILL MAKE**

Under this Coverage, we will pay all reasonable expenses actually incurred by an *insured* within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services.  The one year limit does not apply to funeral services.

This Coverage applies to:

**1.** *You* and each *relative* who sustains *bodily injury* caused by accident:

(a) While *occupying* the *owned auto*; or
(b) While *occupying* a *non-owned auto* if *you* or *your relative* reasonably believe *you* have the owner's permission to use the auto and the use is within the scope of that permission; or
(c) When struck as a pedestrian by an auto or *trailer*.

**2.** Any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being used by *you,* a resident of *your* household, or other persons with *your* permission.

**EXCLUSIONS**
**When Section II Does Not Apply**

**1.** There is no coverage for *bodily injury* sustained by any occupant of an *owned auto* used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products.  However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**2.** There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

**3.** *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

(a) A farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or
(b) A vehicle operated on rails or crawler-treads.

4. There is no coverage for persons employed in the *auto business*, if the accident arises out of that business and if benefits are required to be provided under a workers' compensation law.

5. There is no coverage for *bodily injury* sustained due to *war*.

6. The United States of America or any of its agencies are not covered as an *insured*, a third party beneficiary, or otherwise.

7. We do not cover *bodily injury* or property damage caused by an auto driven in or preparing for any prearranged or organized racing, speed, or demolition contest or stunting activity of any nature.

## LIMIT OF LIABILITY

The limit of liability for medical payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains *bodily injury* in one accident. This applies regardless of the number of persons insured or the number of autos or *trailers* to which this policy applies.

## OTHER INSURANCE

If the *insured* has other medical payments insurance against a *loss* covered by Section II of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide to a person who sustains *bodily injury* while *occupying* a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to this Coverage:

1. NOTICE

   As soon as possible after an accident, written notice must be given us or our authorized agent stating:

   (a) The identity of the *insured*;
   (b) The time, place and details of the accident; and
   (c) The names and addresses of the injured, and of any witnesses.

2. TWO OR MORE AUTOS

   If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3. ACTION AGAINST US

   Suit will not lie against us unless the *insured* has fully complied with all the policy terms.

4. MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

   As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

   The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

   We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the *insured*.

5. SUBROGATION

   When we make a payment under this coverage, we will be subrogated (to the extent of payment made by us) to the rights of recovery the injured person or anyone receiving the payments may have against any person or organization. Such person will do whatever is necessary to secure our rights and will do nothing to prejudice them.

   This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION III-PHYSICAL DAMAGES COVERAGE
### Your Protection For Loss or Damage To Your Car

## DEFINITIONS

The definitions of the terms *auto business, farm auto, private passenger auto, relative, temporary substitute auto, utility auto, you, your* and *war* under Section I apply to Section III also. Under this Section, the following special definitions apply:

1. *Actual cash value* is the replacement cost of the auto or property less *depreciation* or *betterment*.
2. *Betterment* is improvement of the auto or property to a value greater than its pre-loss condition.
3. *Collision* means *loss* caused by upset of the covered auto or its collision with another object, including an attached vehicle.

4. **Custom parts or equipment** means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which:

(a) Are permanently installed or attached; or

(b) Alter the appearance or performance of a vehicle;

This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the **owned auto** or a newly acquired vehicle using bolts or brackets, including slide-out brackets.

5. **Depreciation** means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness or other causes.

6. **Insured** means:

(a) Regarding the **owned auto**:

(i) **You** and **your relatives;**

(ii) A person or organization maintaining, using or having custody of the auto with **your** permission, if his use is within the scope of that permission.

(b) Regarding a **non-owned auto**; **you** and **your relatives**, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

7. **Loss** means direct and accidental loss of or damage to:

(a) The auto, including its equipment; or

(b) Other insured property.

8. **Non-owned auto** means a **private passenger auto**, **farm auto** or **utility** auto or **trailer** not owned by or furnished for the regular use of either **you** or **your relatives**, except a **temporary substitute auto**. **You** or **your relative** must be using the auto or **trailer** within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

9. **Owned auto** means:

(a) Any vehicle described in this policy for which a specific premium charge indicates there is coverage;

(b) A **private passenger**, **farm** or **utility auto** or a **trailer**, ownership of which is acquired by **you** during the policy period or for which **you** enter into a lease during the policy period for a term of six months or more; if

(i) It replaces an **owned auto** as described in (a) above, or

(ii) We insure all **private passenger**, **farm**, **utility autos** and **trailers** owned or leased by **you** on the date of such acquisition and **you** request us to add it to the policy within 30 days afterward;

(c) A **temporary substitute auto**.

10. **Trailer** means a trailer of the flatbed variety designed for use with a **private passenger auto** and not used as a home, residence, office, store, display or passenger trailer. **Trailer** does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.

## LOSSES WE WILL PAY FOR *YOU*

### Comprehensive (Excluding *Collision*)

1. We will pay for each **loss**, less the applicable deductible, caused other than by **collision**, to the **owned** or **non-owned auto**. This includes breakage of glass and **loss** caused by:

(a) Missiles;
(b) Falling objects;
(c) Fire;
(d) Lightning;
(i) Colliding with a bird or animal;
(j) Windstorm;
(k) Hail;
(l) Water;
(e) Theft;
(f) Larceny;
(g) Explosion;
(h) Earthquake;
(m) Flood;
(n) Malicious mischief;
(o) Vandalism;
(p) Riot; or
(q) Civil commotion

No deductible will apply to **loss** caused by:

(a) Fire, lightning, smoke, smudge; or

(b) Damage sustained while the vehicle is being transported on any conveyance.

At the option of the **insured**, breakage of glass caused by **collision** may be paid under the Collision Coverage, if included in the policy.

2. We will pay, up to $200 per occurrence, less any deductible shown in the declarations, for *loss* to personal effects due to:

(a) Fire;
(b) Lightning;
(c) Flood;
(d) Theft of the entire automobile;
(e) Falling objects;
(f) Earthquake; or
(g) Explosion.

The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

No deductible will apply due to *loss* by fire or lightning.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

## Collision

1. We will pay for *collision loss* to the *owned* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

2. We will pay up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to a *collision*. The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

1. We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive Coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the *loss*.

Reimbursement will not exceed $25 per day nor more than $750 per *loss*.

2. We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

3. We will pay for the replacement of a child passenger restraint system when the restraint system is in the insured auto at the time *loss.*

## EXCLUSIONS

### When The Physical Damage Coverages Do Not Apply

1. An auto used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2. *Loss* due to *war* is not covered.

3. We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business*.

4. There is no coverage for *loss* caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

5. Tires, when they alone are damaged by *collision*, are not covered.

6. *Loss* due to radioactivity is not covered.

7. *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

8. We do not cover *loss* to any radar or laser detector.

9. We do not cover *trailers* when used for business or commercial purposes with vehicles other than *private passenger, farm* or *utility autos*.

10. We do not cover *loss* for *custom parts or equipment* unless the existence of those *custom parts or equipment* has been previously reported to us and an endorsement to the policy has been added.

11. There is no coverage for any liability assumed under any contract or agreement.

12. There is no coverage for any *loss* or damage resulting from:

(a) The acquisition of a stolen vehicle;
(b) Any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle;  or
(c) Any confiscation, seizure or impoundment of a vehicle by governmental authorities.
(d) The sale of an *owned auto*.

13. There is no coverage for the destruction, impoundment, confiscation or seizure of a vehicle by governmental or civil authorities due to its use by *you*, a *relative* or a permissive user of the vehicle in illegal activity.

14. There is no coverage for any *loss* caused by participation in or preparing for any prearranged or organized racing, speed or demolition contest or stunting activity of any nature.

**LIMIT OF LIABILITY**

The limit of our liability for *loss*:

1.  Is the *actual cash value* of the property at the time of the *loss*;

2.  Will not exceed the prevailing competitive price to repair or replace the property at the time of *loss*, or any of its parts, including parts from non-original equipment manufacturers, with other of like kind and quality and will not include compensation for any diminution of value claimed to result from the *loss*. Although *you* have the right to choose any repair facility or location, the limit of liability for repair or replacement of such property is the prevailing competitive price, which is the price we can secure from a competent and conveniently located repair facility. At *your* request, we will identify a repair facility that will perform the repairs at the prevailing competitive price;

3.  To personal effects arising out of one occurrence is $200;

4.  To a *trailer* not owned by *you* is $500;

5.  For *custom parts or equipment* is limited to the *actual cash value* of the *custom parts or equipment*, not to exceed the *actual cash value* of the vehicle.

    *Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation/betterment* and for the physical condition of the property.

**OTHER INSURANCE**

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

**CONDITIONS**

The following conditions apply only to the Physical Damage Coverages:

1.  NOTICE

    As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:

    (a)  The identity of the *insured*;
    (b)  A description of the auto or *trailer*;
    (c)  The time, place and details of the *loss*; and
    (d)  The names and addresses of any witnesses.

    In case of theft, the *insured* must promptly notify the police.

2.  TWO OR MORE AUTOS

    If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

3.  ASSISTANCE AND COOPERATION OF THE *INSURED*

    The *insured* will cooperate and assist us, if requested:

    (a)  In the investigation of the *loss*;
    (b)  In making settlements;
    (c)  In the conduct of suits;
    (d)  In enforcing any right of subrogation against any legally responsible person or organization;
    (e)  At trials and hearings;
    (f)  In securing and giving evidence; and
    (g)  By obtaining the attendance of witnesses.

4.  ACTION AGAINST US

    Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

    If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding. If *you* ask us immediately after a *loss* to preserve the salvage for inspection, we will do so for a period not to exceed 30 days.

5.  *INSURED'S* DUTIES IN EVENT OF *LOSS*

    In the event of *loss* the *insured* will:

    (a)  Protect the auto, whether or not the *loss* is covered by this policy. Further *loss* due to the *insured's* failure to protect the auto will not be covered. Reasonable expenses incurred for this protection will be paid by us.
    (b)  File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require.
    (c)  At our request, the *insured* will exhibit the damaged property.

6. APPRAISAL

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

7. PAYMENT OF *LOSS*

We may at our option:

(a) Pay for the *loss*; or
(b) Repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

8. NO BENEFIT TO BAILEE

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

9. SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

10. ASSIGNMENT

With respect to Section III, Physical Damage Coverages, an Assignment of interest under this policy will not bind us without our consent. Any nonconforming assignment shall be void and invalid. Moreover, the assignee of a nonconforming assignment shall acquire to rights under this contract and we shall not recognize any such assignee.

## SECTION IV-UNINSURED MOTORIST COVERAGE
### Protection For You and Your Passengers For Injuries Caused By Uninsured And Hit-And-Run Motorists

DEFINITIONS

The definitions of terms for Section I apply to Section IV, except for the following special definitions:

1. *Hit-and-run motor vehicle* is a motor vehicle causing *bodily injury* to an *insured* through physical contact with him or with a motor vehicle he is *occupying* at the time of the accident and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:

   (a) Reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
   (b) Files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
   (c) Makes available for inspection, at our request, the auto *occupied* by the *insured* at the time of the accident.

2. *Insured* means:

   (a) The individual named in the declarations and his or her spouse if a resident of the same household;
   (b) *Relatives* of (a) above if residents of his household;
   (c) Any other person while *occupying* an *owned auto*;
   (d) Any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b), and (c) above.

   If there is more than one *insured*, our limit of liability will not be increased.

3. *Insured auto* is an auto:

   (a) Described in the declarations and covered by the bodily injury liability coverage of this policy;
   (b) Temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; or
   (c) Operated by *you* or *your* spouse if a resident of the same household.

   But the term *insured auto* does not include:

   (i) An auto used to carry passengers or goods for hire, except in a car pool;

(ii) An auto being used without the owner's permission; or

(iii) Under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an *insured*.

**4.** *Occupying* means in, upon, entering into or alighting from.

**5.** *State* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

**6.** *Uninsured motor vehicle* is a motor vehicle which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the financial responsibility law of the *state* in which the *insured auto* is principally garaged at the time of an accident. This term also includes an auto whose insurer is or becomes insolvent or denies coverage.

The term *uninsured motor vehicle* does not include:

(a) An *insured auto*;

(b) An auto owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) An auto owned by the United States of America, any other national government, a *state*, or a political sub-division of any such government or its agencies;

(d) A land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises; or

(e) Any vehicle, equipment, all terrain vehicle, off road vehicle, or farm type tractor or equipment designed mainly for use off public roads while not upon public roads

## LOSSES WE PAY

Under the Uninsured Motorists Coverage we will pay damages for *bodily injury* to the *insured* and sustained by the *insured* caused by an accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* or *hit-and-run motor vehicle* arising out of the ownership, maintenance or use of that *uninsured motor vehicle* or *hit-and-run motor vehicle*.

The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. The dispute may be arbitrated if an agreement cannot be reached.

## EXCLUSIONS
### When Section IV Does Not Apply

**1.** This Coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.

**2.** *Bodily injury* to an *insured* while *occupying* or through being struck by an *uninsured motor vehicle* owned by an *insured* or a *relative* is not covered.

**3.** The Uninsured Motorists Coverage will not benefit any workers' compensation insurer, self-insurer, or disability benefits insurer.

**4.** We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.

**5.** We do not cover any person while *occupying* a vehicle described in the declarations on which Uninsured Motorists Coverage is not carried.

**6.** Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages under the uninsured or underinsured motorist coverage of this policy.

**7.** This coverage does not apply to any liability assumed under any contract or agreement.

**8.** This coverage does not apply to damage caused by an *insured's* participation in or preparation for any prearranged or organized racing, speed or demolition contest or stunting activity of any nature.

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

**1.** The limit of liability for Uninsured Motorists Coverage stated in the declarations for "each person" is the limit of our liability for all damages resulting from *bodily injury* sustained by one person in any one accident or occurrence. Included in this limit, but not as a separate claim or claims, are all consequential damages sustained by other persons, such as loss of services, loss of support, loss of consortium, wrongful death, grief, sorrow, and emotional distress.

**2.** The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including all the consequential damages sustained by other persons, such as loss of services, loss of support, loss of consortium, wrongful death, grief, sorrow and emotional distress, resulting from *bodily injury* sustained by two or more persons as the result of one accident or occurrence.

**3.** When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

The amount payable under this Coverage will be reduced by all amounts:

(a) Paid by or for all persons or organizations liable for the injury;
(b) Paid or payable under the Bodily Injury Coverage or Medical Payments Coverage of this policy; or
(c) Paid or payable under any workers' compensation law, disability benefits law or any similar law.

## OTHER INSURANCE

When an *insured occupies* an auto not described in this policy, this insurance is excess over any other similar insurance available to the *insured* and the insurance which applies to the *occupied* auto is primary.

Except as provided above, if the *insured* has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *insured* has other insurance against a loss covered by the Uninsured Motorist provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

## ARBITRATION

Except as set forth in the last sentence of this paragraph, any dispute arising between any *insured* and us regarding:

(a) The extent to which the *insured* is legally entitled to recover against an owner or operator of an *uninsured motor vehicle* (i.e., issues of liability); or
(b) The amount of damages sustained by the *insured* may be arbitrated at the request of the *insured*. Binding arbitration will not be used to resolve disputes regarding policy interpretation, the existence of this Coverage in a particular policy, or the application of this Coverage to a particular claim or claimant.

Upon written demand from the *insured* for arbitration, each part will select an arbitrator and the two arbitrators so named will select a third arbitrator. If such arbitrators are not selected within 45 days of such request, either party may request that the matter be submitted for arbitration to the American Arbitration Association. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Unless both parties agree otherwise, arbitration will take place in the county and *state* in which the *insured* lives. Local rules of law as to procedure and evidence will apply.

Any decision made by arbitrators shall be binding for the amount of damages not exceeding $50,000 for *bodily injury* to or death of any one person, $100,000 for *bodily injury* to or death of 2 or more persons in any one motor vehicle accident, or the corresponding policy limits for *bodily injury* or death, whichever is less.

When an award exceeds $50,000 for *bodily injury* to or death of any one person, or $100,000 for *bodily injury* to or death of 2 or more persons in any one motor vehicle accident, or the corresponding policy limits for *bodily injury* or death, whichever is less, either party shall have the right to a trial on all the issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award. Where such right is exercised by either party, the judgment of the arbitrators shall not be binding on either party.

We will be obligated to pay no more than the applicable policy limits for this coverage regardless of whether an arbitration results in an award in excess of the applicable policy limits for this coverage as defined in this policy.

We will pay all arbitration expenses except where recovery by the claimant exceeds the minimum Illinois Safety Responsibility Law limits. If recovery exceeds the minimum limit, the person making claim shall pay his expenses and an equal share of the expenses of the third arbitrator to the extent that recovery exceeds the minimum limit under the law.

## TRUST AGREEMENT

When we make a payment under this Coverage:

1. We will be entitled to repayment of that amount out of any settlement or judgment the *insured* recovers from any person or organization legally responsible for the *bodily injury*.
2. The *insured* will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.
3. At our written request, the *insured*, in his own name, will take, through a designated representative, appropriate actions necessary to recover payment for damages from the legally responsible person or organization. The *insured* will pay us out of the recovery for our expenses, costs and attorneys' fees.
4. The *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

## CONDITIONS

The following conditions apply only to the Uninsured Motorists Coverage:

1. NOTICE
   As soon as possible after an accident, notice must be given us or our authorized agent stating:
   (a) The identity of the *insured*;
   (b) The time, place and details of the accident; and

(c)  The names and addresses of the injured, and of any witnesses.

If the *insured* or his legal representative files suit before we make a settlement under this Coverage, he must immediately provide us with a copy of the pleadings.

2.  ASSISTANCE AND COOPERATION OF THE *INSURED*

After we receive notice of a claim, we may require the *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization.  We may require the *insured* to make that person or organization a defendant in any action against us.

3.  ACTION AGAINST US

No suit, action, or arbitration proceedings for recovery of any claim may be brought against us until the *insured* has fully complied with all the terms of this policy.  The *insured* must file proof of loss with the Company with 1 year from the date of loss.  Further, any suit, action, or arbitration will be barred unless commenced within two years after the date the claim was denied in whole or in part.  Arbitration proceedings will not commence until we receive *your* written demand for arbitration.

4.  PROOF OF CLAIM-MEDICAL REPORTS

As soon as possible, the *insured* or other person making claim must give us written proof of claim, under oath if required.  This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

5.  PAYMENT OF LOSS

Any amount due is payable:

(a)  To the *insured* or his authorized representative;
(b)  If the *insured* is a minor, to his parent or guardian; or
(c)  If the *insured* is deceased, to his surviving spouse; otherwise
(d)  To a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

We may, at our option, pay an amount due in accordance with (d) above.

## SECTION V-GENERAL CONDITIONS

These conditions apply to all Coverages in this policy.

1.  TERRITORY

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

2.  PREMIUM

When *you* dispose of, acquire ownership of, or replace a *private passenger*, *farm* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

3.  CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium.  If we do so, *your* policy will automatically include the broader coverage when effective in *your state*.

The premium for each auto is based on the information we have in *your* file.  *You* agree:

(a)  That we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.
(b)  That *you* will cooperate with us in determining if this information is correct and complete.
(c)  That *you* will notify us of any changes in this information.
(d)  That we may adjust *your* policy premium during the policy term or at renewal if any person who is an *insured* becomes an additional driver during the policy term or at renewal.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

**4.** ASSIGNMENT

Assignment of interest under this policy will not bind us without our written consent.

If *you* die, this policy will cover:

(a) *Your* surviving spouse;

(b) The executor or administrator of *your* estate, but only while operating an *owned auto* and while acting within the scope of his duties;

(c) Any person having proper temporary custody of and operating the *owned auto*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate; and

(d) Under the Medical Payments Coverage, a person who was a *relative* at the time of *your* death.

**5.** POLICY PERIOD

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the declarations.

**6.** CANCELLATION BY THE *INSURED*

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective. If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

**7.** CANCELLATION BY US

We may cancel this policy by mailing to *you*, at the last mailing address known to the company, written notice stating when the cancellation will be effective.

We will mail this notice:

(a) 10 days in advance if the proposed cancellation is for non-payment of premium or any of its installments when due;

(b) 30 days in advance in all other cases.

The mailing of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals. Payment or tender of unearned premium is not a condition of cancellation.

**8.** CANCELLATION BY US IS LIMITED

After this policy has been in effect for 60 days or, if the policy is a renewal policy, we will not cancel except for any of the following reasons:

(a) *You* do not pay the initial premium on other than a renewal policy or any additional premiums for this policy or fail to pay any premium installment when due to us or our agent.

(b) *You* obtained the policy through material misrepresentation.

(c) Any *insured* violated any of the terms and conditions of the policy.

(d) *You* failed to disclose fully in *your* application *your* motor vehicle accidents and moving traffic violations for the preceding 36 months.

(e) Any *insured* made a false or fraudulent claim or knowingly aided or abetted another in presenting such a claim.

(f) Any *insured* or customary operator:

　(i) Has within the 12 months prior to the notice of cancellation, had his driver's license under suspension or revocation;

　(ii) Is or becomes subject to epilepsy or heart attacks and cannot produce a certificate from a physician testifying to his unqualified ability to operate a motor vehicle.

　(iii) Has an accident record, conviction record (criminal or traffic), physical, mental or other condition which is such that his operation of an auto might endanger the public safety.

(g) Any *insured* or customary operator, within 36 months prior to the notice of cancellation or non-renewal, has been addicted to the use of narcotics or drugs.

(h) Any *insured* or customary operator has been convicted or forfeited bail during the 36 months immediately preceding the notice of cancellation for:

　(i) Any felony;

　(ii) Criminal negligence in death, homicide or assault arising out of the operation of a motor vehicle;

　(iii) Operating a motor vehicle while in an intoxicated condition;

　(iv) Operating a motor vehicle while under the influence of drugs;

　(v) Leaving the scene of an accident without stopping to report;

　(vi) Theft or an unlawful taking of an auto; or (vii) making false statements in an application for a driver's license.

(i) Any *insured* or customary operator has been convicted of or forfeited bail for 3 or more violations within the 12 months immediately preceding the notice of cancellation, of any law, ordinance or regulation limiting the speed of motor vehicles, of any of the provisions of motor vehicle laws of any state, violation of which is a misdemeanor, whether or not the violations were repetitions of the same offense or different offenses.

(j) The insured auto is mechanically defective to the extent that its operation might endanger public safety.

(k) The insured auto is used in carrying passengers for hire or compensation. However, the use of any auto for a car pool shall not be considered use of an auto for hire or compensation.

(l) The insured auto is used in the business of transporting flammables or explosives.

(m) The insured auto is an authorized emergency vehicle.

(n) The insured auto is modified or changed in condition so as to increase the risk substantially.

(o) The insured auto is subject to an inspection law and has not been inspected or, if inspected, has failed to qualify.

Our failure to cancel for any of these reasons will not obligate us to renew the policy.

We have the right to modify the Comprehensive Coverage under Section III by including a deductible not exceeding $150.

9. RENEWAL

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to *you*, at the address shown in this policy, at least 30 days prior to the expiration date (or 60 days prior to the expiration date if this policy has been in effect or renewed for 5 or more years). The mailing of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following conditions exist:

(a) *You* do not pay any premium as we require to renew this policy.

(b) *You* have informed us or our agent that *you* wish the policy to be cancelled or not renewed.

(c) *You* do not accept our offer to renew or *you* refuse to provide us with renewal classification and rating information as we may require.

10. OTHER INSURANCE

If other insurance is obtained on *your* insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

11. DIVIDEND PROVISION

*You* are entitled to share in a distribution of the surplus of the Company as determined by its Board of Directors from time to time.

12. DECLARATIONS

By accepting this policy, *you* agree that:

(a) The statements in *your* application and in the declarations are *your* agreements and representations;

(b) This policy is issued in reliance upon the truth of these representations; and

(c) This policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

13. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) At the time of application; or

(b) At any time during the policy period; or

(c) In connection with the presentation or settlement of a claim.

14. EXAMINATION UNDER OATH

The *insured* or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

15. TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Illinois are amended to conform to those statutes.

16. DISPOSAL OF VEHICLE

If *you* relinquish possession of a leased vehicle or if *you* sell or relinquish ownership of an *owned auto*, any coverage provided by this policy for that vehicle will terminate on the date *you* do so.

17. CHOICE OF LAW

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Illinois.

## SECTION VI-AMENDMENTS AND ENDORSEMENTS

**1.** SPECIAL ENDORSEMENT UNITED STATES GOVERNMENT EMPLOYEES

A. Under the Property Damage coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

   1. Motor vehicles owned or leased by the United States Government or any of its agencies, or

   2. Rented motor vehicles used for United States Government business, when such use is with the permission of the United States Government. Subject to the limits described in paragraph B. below, we will pay sums **you** are legally obligated to pay for damage to these vehicles.

B. The following limits apply to this Coverage:

   1. A $100 deductible applies to each occurrence.

   2. For vehicles described in A.1. above, our liability shall not exceed the lesser of the following:

     (a) The **actual cash value** of the property at the time of the occurrence; or
     (b) The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
     (c) Two months basic pay of the **insured**; or
     (d) The limit of Property Damage liability coverage stated in the declarations.

   3. For vehicles described in A.2. above, our liability shall not exceed the lesser of the following:

     (a) The **actual cash value** of the property at the time of the occurrence; or
     (b) The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
     (c) The limit of Property Damage liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.


W.C.E. Robinson
Secretary

O. M. Nicely
President

# GEICO

## Automobile Policy Amendment
## Illinois

GEICO CASUALTY COMPANY

Policy Number:     4271-15-73-41

*Your* policy is amended as follows:

### SECTION III - PHYSICAL DAMAGE COVERAGES

**DEFINITIONS**

Definition *10. Trailer* is replaced with:

**10.** *Trailer* means a trailer designed to be towed by a *private passenger auto* and not used as a home, residence, office, store, display or passenger trailer.  *Trailer* does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.

**LOSSES WE WILL PAY**

**Comprehensive (Excluding *Collision*)** is revised as follows:

1.  We will pay for each *loss*, less the applicable deductible, caused other than by *collision*, to the *owned* or *non-owned auto*. This includes breakage of glass and *loss* caused by:

| | |
|---|---|
| (a) Missiles; | (e) Theft; |
| (b) Falling objects; | (f) Larceny; |
| (c) Fire; | (g) Explosion; |
| (d) Lightning; | (h) Earthquake; |
| (i) Colliding with a bird or animal; | (m) Flood; |
| (j) Windstorm; | (n) Malicious mischief; |
| (k) Hail; | (o) Vandalism; |
| (l) Water; | (p) Riot; or |
| | (q) Civil commotion |

At the option of the *insured,* breakage of glass caused by *collision* may be paid under the Collision Coverage, if included in the policy.

2.  We will pay, up to $200 per occurrence, less any deductible shown in the declarations, for *loss* to personal effects due to:

| | |
|---|---|
| (a) Fire; | (e) Falling objects; |
| (b) Lightning; | (f) Earthquake; or |
| (c) Flood; | (g) Explosion. |
| (d) Theft of the entire automobile; | |

The property must be owned by *you* or a *relative*, and must be in or upon *an owned auto*.

3.  *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

**CONDITIONS**

Condition **10.** Assignment is revised as follows:

**10.** ASSIGNMENT

With respect to Section III, Physical Damage Coverages, an Assignment of interest under this policy will not bind us without our consent.  Any nonconforming assignment shall be void and invalid.  Moreover, the assignee of a nonconforming assignment shall acquire no rights under this contract and we shall not recognize any such assignment.

We affirm this amendment.

W. C. E. Robinson
Secretary

O. M. Nicely
President

# GEICO

**AUTOMOBILE POLICY AMENDMENT UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE**
**ILLINOIS**

GEICO CASUALTY COMPANY
Policy Number:4271-15-73-41

We agree with *you* as follows:

**DEFINITIONS**

1.  *Insured* means:
    (a)  The individual named in the declarations and his or her spouse if a resident of the same household;
    (b)  *Relatives* of a) above if residents of his household;
    (c)  Any other person while *occupying* an *insured auto*;
    (d)  Any person who is entitled to recover damages because of *property damage* sustained by an *insured* under a), b), and c) above.
    If there is more than one *insured*, our limits of liability will not be increased.

2.  *You* or *your* means: the policyholder named in the declarations and his or her spouse if a resident of the same household.

3.  *Relative* means a person related to *you* who resides in *your* household.

4.  *Insured Auto* is an auto:
    (a)  Described in the declarations and covered by the liability coverages of this policy;
    (b)  Temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
    (c)  Operated by *you* or *your* spouse if a resident of the same household.
    But the term *insured auto* does not include:
    (i)  An auto used to carry passengers or goods for hire except in a car pool;
    (ii)  An auto being used without the owner's permission; or
    (iii)  Under subparagraphs b) and c) above, an auto owned by or furnished for the regular use of an insured.

5.  *Trailer* means a trailer designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm* or *utility auto*.

6.  *Private Passenger auto* means a four wheel private passenger, station wagon or jeep-type auto.

7.  *Farm auto* means a truck-type vehicle with a load capacity of two thousand pounds or less, not used for commercial purposes other than farming.

8.  *Utility auto* means a vehicle, other than a *farm auto*, with a load capacity of ten thousand pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

9.  *Occupying* means in, on, getting into or getting out of.

10.  *Property damage* means damage to or destruction of an auto owned by *you* and covered by the liability coverages of this policy.

11.  *State* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

12.  *Uninsured motor vehicle* is a motor vehicle which:
    (a)  Has no property damage liability bond, policy of insurance or cash or securities on file to cover *property damage* at the time of the accident; or
    (b)  Has property damage liability insurance in effect at the time of the accident but the insurer of the vehicle becomes insolvent or denies coverage.
    The term *uninsured motor vehicle* does not include:
    (a)  An *insured auto*;
    (b)  A motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;
    (c)  A motor vehicle owned by the United States of America, any other national government, a *state*, or a political sub-division of any such government or its agencies;
    (d)  A land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises;
    (e)  A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

**LOSSES WE PAY**

Under this Coverage we will pay for damages to property caused by accident involving physical contact with an *insured auto* for which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* arising out of the ownership, maintenance or use of that auto provided:

(a) The owner or operator of the *uninsured motor vehicle* is identified; or
(b) The *uninsured motor vehicle* is identified by license number.

## EXCLUSIONS
### When this Coverage Does Not Apply

1. This coverage does not apply to *property damage* if the *insured* or his legal representative has made a settlement or has been awarded a judgment on his claim without our prior written consent.
2. This coverage shall not apply to the benefit of any property insurer.
3. This coverage does not apply to the first two hundred and fifty dollars of the total amount of all *property damage* as the result of any one accident.
4. This coverage does not apply to loss of use to the *insured auto* or to *loss* or damage to personal property located in the *insured auto*.
5. This coverage will not apply if the owner or operator of the at fault *uninsured motor vehicle* cannot be identified.
6. We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.
7. This coverage does not apply to *property damage* if the collision does not involve actual direct physical contact between the *insured* and the *uninsured motor vehicle*.

## LIMIT OF LIABILITY
Regardless of the number of autos or *trailers* to which this policy applies:

1. Our limit of liability for *property damage* will be the lesser of:
   (a) The *actual cash value* of *your* damaged property not to exceed $15,000, or
   (b) The amount necessary to repair or replace our damaged property, not to exceed $15,000
2. The limit of property damage liability stated in the declarations as applicable to "each accident" is our total limit of liability for all damages to the property of one or more *insureds* as the result of any one accident.
3. When coverage is afforded by two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

   If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

   The amount payable under this Coverage will be reduced by all amounts:
   (a) Paid by or for all persons or organizations liable for the *property damage*;
   (b) Paid or payable under any property insurance policy.

## OTHER INSURANCE
This insurance shall be excess over other valid and collectible insurance.

## ARBITRATION
If any person makes a claim and we do not agree that he is legally entitled to recover damages under this coverage from the owner or operator of an *uninsured motor vehicle* because of *property damage* to an *insured*, or do not agree as to the amount payable, the *insured* may request arbitration. If the *insured* requests arbitration, each party will select an arbitrator and those two arbitrators will select a third arbitrator. If the arbitrators are not selected within 45 days of the request, either party may ask that the arbitration be submitted to the American Arbitration Association.

The arbitrators will then hear and determine only the question or questions of legal liability and/or damages that are in dispute and no other issues. Should a dispute arise between an *insured* and us as to whether this policy was in effect on the date of the accident, the question must be resolved in a court of law and not by arbitration.

An award by any two arbitrators up to the financial responsibility or compulsory liability insurance limit of the state in which the policy is rated shall be binding upon the parties. When an award exceeds this limit either party shall have the right to a trial on all the issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award. Where such right is exercised by either party, the judgment of the arbitrators shall not be binding on either party. We will be obligated to pay no more than the applicable policy limits for this coverage regardless of whether an arbitration results in an award in excess of the applicable policy limits for this coverage as defined in the policy.

We will pay all arbitration expenses except where recovery by the claimant exceeds the minimum Illinois Safety Responsibility Law limits. If recovery exceeds the minimum limit, the person making claim shall pay his expenses and an equal share of the expenses of the third arbitrator to the extent that recovery exceeds the minimum limit under the law.

## TRUST AGREEMENT
When we make a payment under this coverage:

1. We will be entitled to repayment of that amount out of any settlement or judgment any *insured* recovers from any person or organization legally responsible for the *property damage.*

2. Any **insured** claiming benefits will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for his damages.  He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

3. At our written request, any **insured** claiming benefits, in his own name, will take through a designated representative appropriate action necessary to recover payment for damages from the legally responsible person or organization. That **insured** will pay us out of the recovery for our expenses, costs and attorneys' fees.

4. Any **insured** claiming benefits will execute and furnish us with any needed documents to secure his and our rights and obligations.

## CONDITIONS

1. NOTICE

    As soon as possible after an accident, notice must be given us or our authorized agent stating:

    (a) The identity of the **insured**;

    (b) The time, place and details of the accident, and

    (c) The names and addresses of any witnesses.

    If any **insured** or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

2. ASSISTANCE AND COOPERATION OF THE INSURED

    After we receive notice of a claim, we may require any **insured** to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization.  We may require that **insured** to make that person or organization a defendant in any action against us.

3. ACTION AGAINST US

    No suit, action, or arbitration proceedings for recovery of any claim may be brought against us until the **insured** has fully complied with all the terms of this policy.  The **insured** must file proof of loss with the Company with 1 year from the date of loss.  Further, any suit, action, or arbitration will be barred unless commenced within two years after the date the claim was denied in whole or in part.  Arbitration proceedings will not commence until we receive **your** written demand for arbitration.

4. PROOF OF CLAIM-MEDICAL REPORTS

    The **insured** or other person making a property damage claim shall file a proof of loss with us as soon as practicable. The proof of loss shall be a sworn statement as to the interest of the **insured** and anyone else in the property, any encumbrances upon the property, **actual cash value** at the time of the **loss,** and description and amount of all other insurance covering this property.  Upon our request, the **insured** will show us the damaged property.

    In the event of a property damage loss, the **insured** shall protect the auto from further loss.  Further loss due to failure to protect will not be covered.  We will pay for reasonable expenses incurred for the protection of the auto.

5. PAYMENT OF LOSS

    Any amount is payable:

    (a) To the **insured** or his authorized representative;

    (b) If the **insured** is a minor to his parent or guardian; or

    (c) If the **insured** is deceased, to his surviving spouse; otherwise

    (d) A person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

    We may, at our option, pay an amount due in accordance with d) above.

THE COMPANY affirms this amendment.

W. C. E. Robinson
Secretary

O. M. Nicely
President



# GEICO

Policy Number:  4271-15-73-41

# AUTOMOBILE POLICY AMENDMENT

**ILLINOIS**

## UNDERINSURED MOTORISTS COVERAGE  AMENDMENT

*Your* policy provisions are amended as follows:

With respect to such insurance as is afforded by the policy for damages because of *bodily injury* caused by accident and arising out of the ownership, maintenance, or use of an *uninsured motor vehicle* the definition of *uninsured motor vehicle* is amended to include *underinsured motor vehicle,* subject to the following provision:

1.  The limits of liability for this insurance as shown in the declarations shall be the total limit of the company's liability for all damages because of *bodily injury* as the result of any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the policy, or premiums paid, or vehicles involved in an accident arising out of the ownership, maintenance or use of an *underinsured motor vehicle* , less those amounts actually recovered under the applicable bodily injury insurance policy, bonds or other security maintained on the *underinsured motor vehicle*.

2.  When used in reference to this insurance (including this and other amendments forming a part of the policy):

    *underinsured motor vehicle* means a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the limits for underinsured motorists coverage provided the *insured* by this policy.

    *motor vehicle* means a land motor vehicle or trailer other than: (a) a farm type tractor or other vehicle designed for use principally off public roads, while not upon public roads; (b) a vehicle operated on rails or crawler-treads; or (c) a vehicle while located for use as a residence or premises.

3.  In the event of any payment under this coverage, we shall be subrogated to the extent of such payment to all of the *insured's* rights of recovery therefor.  The *insured* shall do nothing after loss to prejudice such rights.

4.  Unless otherwise agreed, no payment will be made under this coverage until all bodily injury liability limits, or portion thereof, which apply to the *underinsured motor vehicle* and its operators are partially or fully exhausted by payment of judgment or settlement.

5.  The maximum amount payable under this coverage is the *Underinsured Motorists Coverage* limit less the amount actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the *underinsured motor vehicle*.

We affirm this amendment.

W. C. E. Robinson
Secretary

GEICO Casualty Company

O. M. Nicely
President

CC1102 (10-04)

**GEICO**

**GEICO Casualty Company**
Policy Number: 4271-15-73-41
Effective Date: 05-30-13

**Automobile Policy Endorsement**

**INSURANCE FOR CUSTOM PARTS AND EQUIPMENT**

The Policy Number and Effective Date need be completed only when this endorsement is issued subsequent to preparation of the policy.

**Vehicle: 01**   DODGE      1B7HC16XX1S232826

In consideration of the physical damage premium paid on the vehicle shown above, it is agreed that the policy is amended to afford insurance for direct and accidental *loss* of, or damage to, the items listed below.

Our limit of liability will not exceed the lesser of the *actual cash value* of these listed items or the *actual cash value* of the vehicle.

| ITEM | APPROXIMATE COST |
|------|------------------|
| 1.  Truck Cap/Shell | $250 |
| 2.  LADDER RACK | $250 |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |
| 11. | |
| 12. | |
| 13. | |
| 14. | |
| 15. | |

Unless otherwise modified by this endorsement, the Deductible provisions, **Definitions**, **Exclusions**, **Limit of Liability**, **Other Insurance** and **Conditions** provisions applicable to the physical damage insurance apply to this endorsement.

**Note: If you do not carry comprehensive and/or collision on your vehicle(s), this endorsement does not apply.**

**This endorsement forms a part of your policy.  It is effective at 12:01 A.M.  local time at your address on the effective date shown above.**

      

CC1196 (3-06)

**Policy Change** Page 7 of 10

# GEICO

**Automobile Policy Endorsement**

**GEICO Casualty Company**

Policy Number: 4271-15-73-41

Effective Date: 05-30-13

**INSURANCE FOR CUSTOM PARTS AND EQUIPMENT**

The Policy Number and Effective Date need be completed only when this endorsement is issued subsequent to preparation of the policy.

**Vehicle:** 01   DODGE       1B7HC16XX1S232826

In consideration of the physical damage premium paid on the vehicle shown above, it is agreed that the policy is amended to afford insurance for direct and accidental *loss* of, or damage to, the items listed below.

Our limit of liability will not exceed the lesser of the *actual cash value* of these listed items or the *actual cash value* of the vehicle.

| ITEM | APPROXIMATE COST |
|---|---|
| 1.  Truck Cap/Shell | $250 |
| 2.  LADDER RACK | $250 |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |
| 11. | |
| 12. | |
| 13. | |
| 14. | |
| 15. | |

Unless otherwise modified by this endorsement, the Deductible provisions, **Definitions**, **Exclusions**, **Limit of Liability**, **Other Insurance** and **Conditions** provisions applicable to the physical damage insurance apply to this endorsement.

**Note: If you do not carry comprehensive and/or collision on your vehicle(s), this endorsement does not apply.**

**This endorsement forms a part of your policy.  It is effective at 12:01 A.M.  local time at your address on the effective date shown above.**

  

CC1196 (3-06)

**Policy Change** Page 7 of 10