IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

NATHAN SIGLER, individually and on behalf of all others similarly situated,

                  Plaintiff,

v.

GEICO CASUALTY CO. and GEICO CORPORATION.

                  Defendants.

Civil Action No. 1:18-cv-01446-MMM-JEH

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendants GEICO CASUALTY COMPANY and GEICO CORPORATION ("GEICO" or "Defendants") hereby submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff Nathan Sigler's ("Sigler" or "Plaintiff") Amended Class Action Complaint (the "Amended Complaint") for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and (b)(1).

### INTRODUCTION

This is Plaintiff's second bite at the apple. On December 14, 2018, Plaintiff, a GEICO Casualty insured, filed his initial complaint, on behalf of himself and a putative class of Illinois policyholders, alleging breach of contract against GEICO Casualty Company, Government Employees Insurance Company, GEICO Indemnity Company and GEICO General Insurance Company, arising from defendants' alleged failure to pay sales tax, title transfer fees and tag transfer fees in the settlement of first-party total loss physical damage auto claims (the "Initial Complaint"). Initial Compl. (Dec. 14, 2018) ("Compl.") ¶¶ 54-62, Dkt. No. 1. On February 12, 2019, defendants moved to dismiss the Initial Complaint. Defs.' Mot. to Dismiss (Feb. 12, 2019),

Dkt. No. 14. On February 26, 2019, Plaintiff filed an Amended Class Action Complaint ("Amended Complaint") dropping all defendants except for GEICO Casualty and adding GEICO Corporation as a defendant. Pl.'s Am. Compl. (Feb. 26, 2019), Dkt. No. 17.

Plaintiff's Amended Complaint should be dismissed in its entirety because Plaintiff fails to adequately plead breach of contract under Illinois law. Alternatively, Plaintiff's Amended Complaint should be dismissed because Plaintiff's claims are an end run around the Illinois insurance code and an effort to usurp the authority of the Illinois Department of Insurance. If Plaintiff's claims are not dismissed in their entirety, at a minimum, Plaintiff's breach of contract claims against Defendant GEICO Corporation should be dismissed because Plaintiff has not alleged the existence of a contract with this defendant. Finally, because Plaintiff has not established that it is likely he will suffer any future harm, let alone "imminent" risk of harm, Plaintiff's request for injunctive relief should be dismissed.

I.  **BACKGROUND.**

Plaintiff alleges that he was the owner of a 2001 Dodge Ram (the "Vehicle") that was insured under an Illinois Family Automobile Insurance Policy, policy number 4271-15-73-41, with GEICO Casualty Company (the "Policy"). Am. Compl. ¶ 28, Dkt. No. 17. The Policy had a coverage period of May 1, 2013 through November 1, 2013. Policy, Am. Compl. Ex. A, Dkt. No. 17-1. On or about June 9, 2013, Plaintiff's Vehicle was involved in an automobile accident that resulted in a claim for physical damage under his Policy, claim no. 0448264110101013-01. Am. Compl. ¶ 46, Dkt. No. 17. In resolving Plaintiff's claim, GEICO determined that Plaintiff's Vehicle was a total loss with a base value of $3,151.95, and paid Plaintiff that amount minus his $500 deductible. *See id*. ¶¶ 47, 49; Am. Compl. Ex. B, Dkt. No. 17-2. Plaintiff does not allege that he replaced the Vehicle following the accident or that he provided proof to GEICO of any sales tax,

title or tag transfer fees incurred in replacing the Vehicle.

## II. PLAINTIFF'S BREACH OF CONTRACT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6).

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is to accept all well-pled facts as true. To withstand a motion to dismiss, the burden is on Plaintiff to allege facts that raise a right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (while "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *Bissessur v. Ind. Univ. Bd. of Tr.*, 581 F.3d 599, 602 (7th Cir. 2009). In order to avoid dismissal, Plaintiff must allege "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Factual allegations that are "merely consistent with" or that are simply "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The necessity of ensuring that a complaint contains factual allegations stating a "plausible" claim for relief is particularly important when a plaintiff seeks to bring a "potentially massive . . . controversy" through a statewide class action litigation, like Plaintiff does here. *See Twombly*, 550 U.S. at 558.

To survive a motion to dismiss his breach of contract claims, Plaintiff must demonstrate that he adequately plead: (1) the existence of a valid and enforceable contract; (2) performance by Plaintiff; (3) breach of the contract by Defendants; and (4) resultant injury to Plaintiff. *Gonzalzles v. Am. Exp. Credit Corp.*, 315 Ill. App. 3d 199, 206 (1st Dist. 2000). "A breach [of contract] can only exist where a party fails to carry out a term, promise, or condition of a contract." *Officemax, Inc. v. NHS Human Servs., Inc.*, No. 1:16 C 9111, 2017 WL 1022078, at *2 (N.D. Ill. Mar. 15, 2017) (citation and quotations omitted).

### A. Plaintiff Fails to Adequately Plead His Breach of Contract Claims.

Plaintiff's breach of contract claims should be dismissed because Plaintiff fails to allege a breach of the Policy. More specifically, Plaintiff fails to allege that he incurred sales tax, title transfer fees or tag transfer fees in obtaining a replacement vehicle following settlement of his total loss claim and that he presented proof of any taxes and fees incurred in replacing the Vehicle to GEICO to trigger GEICO's obligation to pay these taxes and fees. Illinois Administrative Code Title 50 Section 919.80, enacted in 2002, sets forth required claim practices in the adjustment and settlement of motor vehicle insurance claims like Plaintiff's, including the means by which insurers determine the actual cash value ("ACV") or replacement value of a vehicle for purposes of settling total loss claims. Ill. Admin. Code tit. 50, § 919.80(c). With respect to an insurer's requirement to pay sales tax and fees, the administrative code provides:

> If a cash settlement is provided, and if within 30 days after the receipt of the settlement by the insured, the insured has purchased or leased a vehicle, the company is required to reimburse the insured for the applicable sales taxes and transfer and title fees incurred on account of the purchase or lease of the vehicle, but not exceeding the amount payable on account of the value of the total loss vehicle. If the insured purchases or leases a vehicle with a market value less than the amount of the settlement, then the company is required to reimburse only the amount of the applicable sales tax and transfer and title fees incurred by the insured. If the insured cannot substantiate such purchase and the payment of such taxes and fees, by submission to the company of appropriate documentation within 33 days after the receipt of settlement, the company ***shall not be required*** to reimburse the insured for the sales taxes or transfer or title fees.

Ill. Admin. Code tit. 50, § 919.80(c)(3)(A)(i) (emphasis added).

"It is well settled that, when an insurance policy is issued, applicable statutory provisions in effect at the time are treated as part of the policy." *Kapinus v. State Farm Mut. Auto. Ins. Co.*, 317 Ill. App. 3d 185, 187 (3d Dist. 2000); *see also Farmers Auto. Ins. Ass'n v. Coulson*, 402 Ill. App. 3d 779, 785 (5th Dist. 2010); *Chester v. State Farm Mut. Auto. Ins. Co.*, 227 Ill. App. 3d 320, 328 (2d Dist. 1992). Furthermore, the Policy contains clear provisions providing that the terms of

4

the Policy are to be interpreted pursuant to, and conform to, Illinois law. *See* Am. Compl. Ex. A at 20, Section V, ¶¶ 15 and 17, Dkt. No. 17-1. GEICO is therefore only obligated to reimburse sales tax, transfer and title fees if: (1) taxes and fees were incurred by the insured in purchasing a replacement vehicle; and (2) proof of the fees and taxes was provided to GEICO within 33 days of the claim settlement. *See* Ill. Admin. Code tit. 50, § 919.80(c)(3)(A)(i).

Plaintiff acknowledges that it is GEICO's practice to pay sales tax, title transfer and tag transfer fees when incurred by an insured in replacing a vehicle in conformance with the requirements of the § 919.80(c)(3)(A)(i), but fails to allege that he incurred taxes and fees in replacing his vehicle or that he provided proof of incurred taxes and fees to GEICO. *See* Am. Compl. ¶¶ 41-42, Dkt. No. 17 ("GEICO forces its insureds to first replace the vehicle . . . before GEICO considers the payment of taxes and fees"). As a result, Plaintiff fails to allege sufficient facts to demonstrate GEICO's obligation to pay Plaintiff taxes or fees was triggered.[1] GEICO is therefore not in breach of the Policy with Plaintiff because even under a very liberal reading of Plaintiff's allegations, GEICO's obligation to perform, to reimburse taxes and fees, has not arisen. *AXA Corp. Sols. v. Underwriters Reinsurance Co.*, No. 02 C 3016, 2004 WL 2534386, at *20 (N.D. Ill. Nov. 9, 2004) ("As a general matter, 'there can be no breach of contract until the time for performance has arrived.'") (citation omitted). Because Plaintiff fails to properly allege a breach of the Policy, Plaintiff's claims for breach of contract should be dismissed.

---

[1] Ill. Admin. Code tit. 50, § 919.80(c)(3)(A)(i) also provides that "[i]n lieu of [the above described] reimbursement procedure, the company may directly pay the required amounts of sales taxes and transfer and title fees to the insured at the time of settlement." This provision is merely permissive and irrelevant because Plaintiff has not plead that GEICO elected to reimburse sales tax and fees in this manner. In fact, the allegations in Plaintiff's Amended Complaint are clear that GEICO's procedure is to reimburse sales tax and fees when incurred by an insured in replacing their totaled vehicle in compliance with the mandatory provisions of the Code. Am. Compl. ¶¶ 41-42, Dkt. No. 17.

B. **Plaintiff's Breach of Contract Claims Are Barred by Illinois Law.**

Alternatively, Plaintiff's breach of contract claims should be dismissed because no private right of action is permitted under Ill. Admin. Code tit. 50, § 919.80(3)(A). As discussed above, Ill. Admin. Code tit. 50, § 919.80(3)(A) requires insurers to reimburse certain taxes and fees an insured incurs in replacing a totaled vehicle when provided proof of replacement within 33 days of settlement of the claim. Ill. Admin. Code tit. 50, § 919.80(3)(A). Plaintiff claims that GEICO failed to pay him sales tax, title transfer fees, and tag transfer fees in settlement of his claim as mandated by Illinois law, and therefore breached the Policy. *See* Am. Compl. ¶¶ 65-82, Dkt. No. 17. The administrative code providing for the payment of these fees, however, does not provide for a private right of action and instead leaves enforcement to the Department of Insurance. *See Weis v. State Farm Mut. Auto. Ins. Co.*, 333 Ill. App. 3d 402, 406 (2d Dist. 2002). ("The enforcement of the insurance rules was clearly delegated to the Department of Insurance, and, as such, we conclude that a plaintiff cannot plead or pursue a private cause of action based on an insurer's violation of these rules.").

Plaintiff's claims for breach of contract are therefore an impermissible attempt to make an end-run around the lack of a private right of action under the insurance rules. *See Appert v. Morgan Stanley Dean Witter, Inc.*, No. 08-CV-7130, 2009 WL 3764120, at *3 (N.D. Ill. Nov. 6, 2009), *aff'd*, 673 F.3d 609 (7th Cir. 2012) (stating there is a "general prohibition against asserting an implied right of action under the guise of a state law claim, where no independent right of action has been found to exist"). Because the portion of the insurance code requiring GEICO to pay the fees and taxes claimed by Plaintiff does not provide for a private right of action, Plaintiff's breach of contract claims fail as a matter of law.

Plaintiff's claims are also barred under the doctrine of Primary Jurisdiction. Under the

doctrine, when a regulatory agency has jurisdiction over the underlying acts that lie at the heart of a claim, and is uniquely equipped to resolve the issue, the agency itself has jurisdiction over the claim and not the court. *Arsberry v. Illinois*, 244 F.3d 558, 563 (7th Cir. 2001); *Ill. Bell Tel. Co., Inc. v. Global Naps Ill., Inc.*, 551 F.3d 587, 594 (7th Cir. 2008); *City of Peoria v. Gen. Elec. Cablevision Corp.*, 690 F.2d 116, 120-21 (7th Cir. 1982). The acts alleged in Plaintiff's Amended Complaint fall squarely within the primary jurisdiction and special competence of the Illinois Department of Insurance. *See Weis*, 333 Ill. App. 3d at 406 ("The enforcement of the insurance rules was clearly delegated to the Department of Insurance."). The Illinois Insurance Code gives the Director the power to examine and investigate any allegations relating to improper claims practices of insurers and hold hearings, enforce penalties and institute court actions, including actions seeking to enjoin persons from engaging in improper practices. 215 Ill. Comp. Stat. Ann. 5/425, 5/427, 5/429 (2018); *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601 (7th Cir. 2013). Squarely included within the ambit of the improper practices within the jurisdiction of the Department of Insurance is § 919.80(3)(A), which sets forth the requirements for the reimbursement of sales tax and fees in the settlement of total loss claims. Because the Director of Insurance is uniquely equipped to resolve Plaintiff's claims, the claims should be referred to the Department, and Plaintiff's Amended Complaint dismissed.

### III.  PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST GEICO CORPORATION.

If Plaintiff's breach of contract claims are not dismissed in their entirety, at a minimum, Plaintiff's claims for breach of contract against Defendant GEICO Corporation should be dismissed. Plaintiff does not allege that he had an insurance policy with GEICO Corporation. Rather, the allegations in Plaintiff's Amended Complaint are solely based on breach of Plaintiff's Policy with GEICO Casualty. Am. Compl. ¶¶ 28, 65-82, Dkt. No. 17. Plaintiff therefore fails to

allege the most basic element of a cause of action for breach of contract: that a contract exists. *See Kaplan v. Shure Brothers, Inc.*, 266 F.3d 598, 606-07 (7th Cir. 2001); *Harris v. JAT Trucking of Ill., Inc.*, No. 07-2210, 2008 WL 2557457, at *3 (C.D. Ill. June 23, 2008) (dismissing claim for breach of contract, because "Plaintiff has not alleged the existence of a contract between himself and Defendant").

Further, the fact that GEICO Corporation is a parent company to the insurance company that provided insurance to Plaintiff does not establish privity of contract. *Rumick v. Liberty Mut. Ins. Co.*, No. 17 C 2403, 2018 WL 3740645, at *3 (N.D. Ill. Aug. 6, 2018) (dismissing breach of contract claims against parent companies of insurer because "broader branding of documents with Liberty Mutual's name and the administration of payments by the Liberty Mutual umbrella of companies" did not allow for breach of contract claim against all Liberty Mutual entities where "the Policy clearly indicates that [plaintiff] contracted with LIC, not any other Liberty Mutual entity"); *see also GTC Int'l Holdings, Inc. v. Burns*, No. 04 C 0570, 2004 WL 2211621, at *2 (N.D. Ill. Sept. 23, 2004) (noting "[g]enerally, a subsidiary corporation which is wholly owned by a parent corporation is considered a separate and distinct legal entity" and dismissing breach of contract claim against parent where "[p]laintiff has presented no authority in support of its argument that a parent of its wholly-owned subsidiary is in privity to a contract signed by the subsidiary"). Because Plaintiff does not, and cannot, allege a contract with GEICO Corporation, his breach of contract claims against GEICO Corporation fail.

Plaintiff appears to seek to impose liability on GEICO Corporation by having the Court disregard corporate formalities and treat GEICO Casualty as the alter ego of GEICO Corporation. Am. Compl. ¶ 25, Dkt. No. 17.  Courts will only disregard corporate formalities where there is "(1) … unity of interest and ownership that the separate personalities of the corporation and the

8

[parent] no longer exist; and (2) circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, 289 F. Supp. 3d 852, 858 (N.D. Ill. 2018) (citation omitted). In breach of contract actions, courts apply more stringent standards in determining whether to disregard corporate formalities. *Northbound Grp., Inc. v. Norvax, Inc.*, 795 F.3d 647, 652 (7th Cir. 2015) ("courts should apply even more stringent standards [in breach of contract cases] to determine when to pierce the corporate veil than they would in tort cases").

    Plaintiff's allegations in the Amended Complaint do not demonstrate that disregarding corporate formalities is appropriate in this case. First, Plaintiff's allegations do not establish unity of interest. When determining if a parent and subsidiary have a unity of interest, courts consider whether: (1) the corporations have failed to maintain adequate records or to comply with corporate formalities; (2) the corporations' assets are commingled; (3) the subsidiary is undercapitalized; or (4) the subsidiary treats the assets of the parent corporation as its own. *Hann v. Paul Revere Life Ins. Co.*, No. 03 C 1062, 2004 WL 557380, at *2 (N.D. Ill. Feb. 17, 2004). Plaintiff does not allege any facts to demonstrate that GEICO Casualty does not maintain adequate records or observe corporate formalities. Nor does Plaintiff allege that GEICO Casualty is in any way undercapitalized. Rather, Plaintiff makes a number of unsupported assertions demonstrating nothing more than a typical parent-subsidiary relationship, and nothing that demonstrates the unity of interest necessary to disregard corporate formalities. Conversely, Plaintiff admits that GEICO Corporation's subsidiaries serve distinct purposes, with certain subsidiaries contracting with low-risk insureds while other subsidiaries contract with high-risk insureds. Am. Compl. ¶ 22, Dkt. No. 17.

    Second, even if this Court was to find Plaintiff plead unity of interest, Plaintiff has not

adequately alleged that observing GEICO Casualty's corporate structure would result in "fraud or promote injustice." *UIRC-GSA Holdings Inc.*, 289 F. Supp. 3d at 858 (finding observing corporate formalities would "promote injustice" where corporation was specifically formed for the purpose of avoiding defendant's contractual obligations). Plaintiff's lone allegation to this effect – that treating GEICO Corporation and GEICO Casualty as separate corporations would "promote injustice" – is simply a rote recitation of the standard for piercing the corporate veil. Am. Compl. ¶ 27, Dkt. No. 17; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth"). No fraud or injustice would result from observing corporate formalities in this case as Plaintiff can and has brought an action against GEICO Casualty, the entity with whom he has contracted. Policyholders with other GEICO entities similarly have the ability to pursue actions for breach of contract against the GEICO entity with whom they have contracted.[2] Plaintiff has not alleged that GEICO Casualty could not satisfy a judgment in this case, and has not otherwise identified any injustice that results from GEICO Corporation's dismissal from this action. *Green Skyline Solar, LLC v. Sunpin Solar Dev., LLC*, No. 16-CV-7659, 2017 WL 661593, at *3 (N.D. Ill. Feb. 16, 2017) (dismissing breach of contract claim against parent company based on alter ego theory because there was no showing that party could not pay a judgment or any allegations demonstrating fraud or injustice); *Rumick*, 2018 WL 3740645, at *4

---

[2] Plaintiff also lacks standing to pursue his claims against GEICO Corporation and represent a class of insureds who have policies with other GEICO entities. "To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Keele v. Wexler*, 149 F.3d 589, 592–93 (7th Cir. 1998) (citation omitted). A class representative does not have standing to pursue a class action on a breach of contract claim against a defendant with whom he has no contractual relationship. *See, e.g.*, *Davidson v. Worldwide Asset Purchasing, LLC*, 914 F. Supp. 2d 918, 924 (N.D. Ill. 2012) (plaintiff lacked standing to bring class action where the defendant was a separate legal entity from the collection agency plaintiff dealt with).

(N.D. Ill. Aug. 6, 2018) (dismissing breach of contract claim against parent corporation where plaintiff did not demonstrate that adhering to corporate formalities would "promote injustice of inequity").

Plaintiff's claims against GEICO Corporation are nothing more than a convoluted effort to avoid privity issues with respect to non-GEICO Casualty entities. Rather than add additional plaintiffs who have contracts with the other GEICO entities to this action, Plaintiff attempts a shortcut that would have this Court arbitrarily disregard corporate structure and formalities. This should not be permitted. Plaintiff has not alleged any contract with GEICO Corporation and Plaintiff's allegations do not establish a basis for ignoring corporation formalities. Accordingly, Plaintiff's claims against GEICO Corporation should be dismissed.

## IV. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED FOR LACK OF STANDING UNDER RULE 12(b)(1).

Plaintiff bears the burden of establishing standing to pursue injunctive relief. *See In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 958 (N.D. Ill. 2016) (finding "plaintiffs in federal court must establish Article III standing in order to pursue injunctive relief"). In order to have standing to seek injunctive relief, Article III requires Plaintiff to show that he "is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *see also Scherr v. Marriott Int'l., Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (stating that "to establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights"). Plaintiff's injunctive relief claim fails because he has not, and cannot, allege that there is an "actual and imminent" risk of injury if the injunctive relief he requests is not granted.

11

First, Plaintiff has not plead that he is a current GEICO insured such that he could be subject to any future risk from GEICO's alleged first party total loss claims handling practices. This alone is fatal to Plaintiff's injunctive relief request. Second, even if Plaintiff is a current GEICO insured, any future harm posed by GEICO's alleged conduct is speculative at best, and contingent on the unlikely event of Plaintiff sustaining another total loss. *Jimenez v. Waller*, 498 F. App'x 633, 635-636 (7th Cir. 2012) (finding that the plaintiff lacked standing to seek injunctive relief because any possibility that the defendant would harm her in the future depended on mere speculation about unforeseeable events)*; Taylor v. Stewart*, 479 F. App'x 10, 13 (7th Cir. 2012) (finding that the plaintiff "lacks standing to seek injunctive relief because he cannot show 'a reasonable probability' of imminent, tangible harm") (citation omitted). Because Plaintiff fails to establish that it is likely he will suffer future harm, let alone "imminent" risk of harm, Plaintiff lacks standing and his request for injunctive relief should be dismissed.

## CONCLUSION

For the forgoing reasons, GEICO respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice, and for any other relief the Court may deem appropriate.

Dated: March 12, 2019

/s/ Kymberly Kochis
Kymberly Kochis
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com

John P. Heil, Jr. #6237286
Seth A. TeBeest #6314129
**HEYL, ROYSTER, VOELKER & ALLEN, P.C.**

300 Hamilton Boulevard
Peoria, IL 61601
Telephone: 309-676-0400
Facsimile: 309-676-3374
JHeil@heylroyster.com
stebeest@heylroyster.com

*Attorneys for Defendants*
*GEICO Casualty Company and*
*GEICO Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2019, I electronically filed a true and exact copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record including the following:

Joel E. Brown
416 Main Street, Suite 1300
Peoria, Illinois 61602
jb@joelebrown.com

Adam J. Levitt
Daniel E. Ferri
DICELLO LEVITT & CASEY LLC
Ten N. Dearborn Street, 11th Floor
Chicago, Illinois 60602
alevitt@dlcfirm.com
dferri@dlcfirm.com

Edmund A. Normand
Jacob L. Phillips
NORMAND PLLC
3165 McCrory Place, Suite 175
Orlando, Florida 32803
ed@normandpllc.com
jacob.phillips@normandpllc.com

/s/ Kymberly Kochis