IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATHAN SIGLER,<br>    Plaintiff,<br><br>v.<br><br>GEICO CASUALTY CO. and GEICO<br>CORPORATION,<br>    Defendants. | Case No. 1:18-cv-01446-MMM-JEH |

## ORDER

Now before the Court is the Defendants'—GEICO Casualty Company and GEICO Corporation—Motion to Dismiss. (D. 19).[1] The Plaintiff, Nathan Sigler, filed a Response. (D. 22). For the reasons set forth below, the Defendants' Motion to Dismiss (D. 19) is GRANTED.

## BACKGROUND

The Plaintiff brings this suit individually and on behalf of two defined classes against the Defendants. He alleges he and the class members suffered economic harm after the Defendants failed "to pay the costs of sales tax, title transfer fees, and tag transfer fees, despite being contractually obligated to do so." (D. 17 at pg. 1). The Plaintiff alleges the following:

GEICO Corporation is an insurance holding company that conducts insurance operations through various subsidiaries, including GEICO Casualty, which operate as alter egos of GEICO Corporation. Each subsidiary is wholly owned by GEICO Corporation and there is a unity of interest and ownership between them and their parent company. All of GEICO Corporation's subsidiaries offer Illinois automobile insurance policies that include materially identical policy

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

language, implement the same settlement practices and procedures, and conduct the same underwriting procedures.

The Plaintiff owned a vehicle that was insured under a policy with GEICO Casualty. On June 9, 2013, his vehicle was involved in an automobile accident that resulted in a claim for property damage. His insurance policy included comprehensive and collision coverage for automobile damage, which limited recovery to "the actual cash value of the property at the time of the loss." *Id*. at pp. 6-7. "Actual cash value" is defined by the policy as "the replacement cost of the auto or property less depreciation or betterment." *Id*. at pg. 7; see also (D. 17-1 at pg. 11). GEICO Casualty ultimately determined that the vehicle was a total loss with a base value of $3,151.95, and paid the Plaintiff that amount, minus his $500 deductible. (D. 17-2). GEICO Casualty did not pay him the costs of sales tax (at least $196.99), title transfer fees ($95.00), or tag transfer fees ($25.50) for a replacement vehicle. (D. 17 at pg. 9).

The Plaintiff posits that his insurance policy's agreement to pay the actual cash value of his automobile in the event of total loss is a promise by GEICO Casualty to pay what he considers to be the mandatory vehicle replacement costs as part of its coverage. *Id*. at pg. 8. "Indeed, rather than abide by its contractual obligations, GEICO [Casualty] forces its insureds to first replace the vehicle, and then separately apply for the payment of replacement taxes and fees, before GEICO [Casualty] will consider these replacement costs." *Id*. Thus, the Plaintiff alleges the Defendants breached its contracts with him and the members of the two classes. He has not yet filed a Motion to Certify either class.

Count I of the Plaintiff's Amended Complaint is brought against GEICO Corporation for breach of contract on behalf of the first defined class. *Id*. at pp. 13-14. Count II is a similar breach of contract claim brought against both Defendants, on behalf of a smaller sub-class. *Id*. at

pp. 15-16. In addition to damages, the Plaintiff seeks, *inter alia*, an order enjoining the Defendants from continuing the practices at issue. *Id*. at pg. 16. He attached a copy of his insurance policy (D. 17-1) and total loss settlement explanation (D. 17-2).

The Defendants now move to dismiss the Plaintiff's Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (D. 19); (D. 20). They argue: (1) the Plaintiff's claims should be dismissed for failure to state a claim (D. 20 at pp. 3-7); (2) the Plaintiff fails to state a cause of action against GEICO Corporation (*Id*. at pp. 7-11); and (3) the Plaintiff's request for injunctive relief should be dismissed for lack of standing (*Id*. at pp. 11-12). The Plaintiff "consents" to the dismissal of his injunctive relief claim, without prejudice. (D. 22 at pg. 16, n. 8). Accordingly, the Court need only address the Defendants' first two arguments, which are both brought pursuant to 12(b)(6).

**LEGAL STANDARD**

In reviewing the Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the Plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint must contain a short and plain statement of the plaintiff's claim, sufficient to show entitlement to relief and to notify the defendants of the allegations against them. FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). This standard is met if the plaintiff describes in sufficient factual detail enough to suggest a right to relief beyond a speculative level. *Id.; Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Srvs.*, 496 F.3d 773, 776 (7th Cir. 2007).

More specifically, a complaint must go beyond "mere labels and conclusions" to contain "enough to raise the right to relief above the speculative level." *G&S Holdings, LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 537-38 (7th Cir. 2012). In short, "the plaintiff must give enough details

about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). When reviewing a motion to dismiss for failure to state a claim, a district court can consider documents attached to the motion if they are referred to in the complaint and central to the plaintiff's claim. *McCready v. eBay, Inc.* 453 F. 3d 882, 891 (7th Cir. 2006).

## ANALYSIS

First, the Defendants argue the Plaintiff's breach of contract claims should be dismissed for failure to state a claim (D. 20 at pp. 3-7). The Defendants assert that the Plaintiff fails to adequately plead his breach of contract claims (*Id*. at pp. 4-5) and, alternatively, that they are barred under Illinois law (*Id*. at pp. 6-7). The Court need only consider the Defendants' initial claim regarding the adequacy of his pleading. *Id*. at pp. 4-5.

The Defendants assert that they are "only obligated to reimburse sales tax, transfer and title fees if: (1) taxes and fees were incurred by the insured in purchasing a replacement vehicle; and (2) proof of the fees and taxes was provided to GEICO within 33 days of the claim settlement." *Id*. at pg. 5 (citing Ill. Admin. Code tit. 50, § 919.80(c)(3)(A)(i)). They argue there is no breach of contract because the obligation the Plaintiff alleges was breached never arose. The Plaintiff responds by asserting that his claim "requires nothing more than for the court to interpret GEICO's policy language and determine whether GEICO fulfilled is contractual obligations to" him. (D. 22 at pg. 3). He emphasizes that the Defendants' citation to the Illinois Administrative Code is irrelevant and the language of the policy at issue determines whether the Defendants have breached their obligation to pay the Plaintiff the replacement cost of his vehicle. *Id*. at pp. 3-4.

4

In order to plead a valid breach of contract claim under Illinois law, the Plaintiff must demonstrate: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the [Plaintiff]; (3) a breach by defendants; and (4) resultant damages." *Dual-Temp of Ill., Inc. v. Hench Control, Inc.*, 821 F. 3d 866, 869 (7th Cir. 2016). Here, the Plaintiff cannot possibly demonstrate that the Defendants breached the contract as alleged. The Plaintiff never claims that he incurred sales tax, title transfer fees, or tag transfer fees expenses in the wake of settling his total loss claim. Therefore, the Defendants are under no obligation to pay such taxes and fees. This obligation only arises for insurers after cash settlements when the insured has purchased or leased a vehicle. Ill. Admin. Code tit. 50, § 919.80(c)(3)(A)(i).

The Plaintiff owned a vehicle insured under a policy with GEICO Casualty that was damaged in an accident. The insurance policy included comprehensive and collision coverage for automobile damage, which limited recovery to "the actual cash value of the property at the time of the loss." *Id*. at pp. 6-7. "Actual cash value[,]" in turn, is defined by the policy as "the replacement cost of the auto or property less depreciation or betterment." (D. 17-1 at pg. 11). In the Plaintiff's view, this means the Defendants expressly agree to pay the replacement cost of a vehicle in the event of a total loss claim—even if an insured does not actually incur the cost of sales tax, transfer fees, and title fees.

The Defendants claim they are only required to pay replacement costs when a vehicle is, in fact, replaced. The Plaintiff does not assert that he incurred such costs. Instead, he insists that the language of the Defendants' policy entitles him and the articulated classes to such costs without having to incur them. The Court disagrees. The Plaintiff need only allege a plausible breach of contract theory. *Wilson v. Career Educ. Corp.*, 729 F. 3d 665, 676 (7th Cir. 2013). But he fails to point to any section of the policy at issue to support his position. Nothing in the

plain langue of the policy can reasonably be construed as an express promise to insureds that they will be reimbursed for sales tax, title transfer fees, and tag transfer fees without first incurring such costs. The Plaintiff is clearly entitled to the actual cash value of his vehicle. The fact that actual cash value is defined, in part, as "the replacement cost" in the policy, does not entitle him to a theoretical reimbursement. The claim is simply too speculative. Moreover, this argument ignores the fact that actual cash value is further defined as "*or* property loss depreciation or betterment." (D. 17-1 at pg. 11) (emphasis added). As pleaded, the Plaintiff appears to have received the latter version of actual cash value as defined in the policy.

The Defendants determined that the Plaintiff's vehicle was a total loss and issued him a check for a calculated base value, minus his deductible. They did not pay the costs of sales tax, title transfer fees, or tag transfer fees. There is an inherent logic behind their alleged inaction. Nothing in the record suggests the Plaintiff informed the Defendants that he was entitled to a reimbursement for such costs.

In fact, the Plaintiff implies that he has not incurred the cost by stating that the Defendants "force[] its insureds to first replace the vehicle, and then separately apply for the payment of replacement taxes and fees, before [they] will consider these replacement costs." *Id*. His claim that this is a breach of the policy is a mere conclusion and is insufficient to support his claim. Accepting all of the Plaintiff's factual allegations as true—and looking to the policy itself as he urges the Court to do—a reasonable fact finder could not conclude on the basis of the Plaintiff's Amended Complaint that the Defendants breached their policy.

The Plaintiff has not sufficiently pleaded a breach of contract claim. At present, his allegations are merely legal conclusions that do not meet the required standard. The Plaintiff's allegation that the policy at issue contains an express promise by the Defendants to pay particular

costs before they are incurred, is belied by the record. He has failed to plead his claim at a level beyond mere labels and conclusions. When a plaintiff's breach of contract fails as a matter of law based on the plain language of the policy, dismissal is proper. See *e.g. Couch v. Wilco Life Ins. Co.*, 363 F. Supp. 3d 886, 897 (S.D. Ill. 2019). Accordingly, the Defendants' Motion to Dismiss is GRANTED.

Given this finding, the Court need not address the Defendants' remaining arguments. The Plaintiff's proposed class claims are extinguished as a consequence of this ruling as well. *Wiesmueller v. Kosobucki, et al.*, 513 F. 3d 784, 786 (7th Cir. 2008) (When "the named plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because no one besides the plaintiff has a legally protected interest in the litigation."). If, however, the Plaintiff has a good faith basis to allege a breach of contract claim, the Court will entertain a Motion to Amend his Complaint. "When the plaintiff's own claim is dismissed, he 'can no longer be the class representative. At that point either another class representative must be found or the suit is kaput.'" *Collins v. Village of Palatine, Ill.*, 875 F. 3d 839, 846 (7th Cir. 2017) (citing *Hardy v. City Optical Inc.*, 39 F. 3d 765, 770 (7th Cir. 1994)). Plaintiff's counsel has 21 days to file a second amended complaint, consistent with this Order. Otherwise, this matter will be terminated.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Dismiss (D. 19) is GRANTED. Plaintiff's counsel has until June 6, 2019, to file a second amended complaint, or this matter will be terminated.

7

*It is so ordered.*

Entered on May 15, 2019

    <u> s/ Michael M. Mihm</u>
    Michael M. Mihm
    Senior United States District Judge